## G. S. DODDS v. GREGORY, STAGG & Co.

1. GARNISHMENT.   *Claim by third party.   Section 2449, Code 1880, construed.*
Section 2449 of the Code of 1880 is but the adoption in courts of law, *mutatis mutandis*, of the equity principles underlying bills of interpleader. It is essential in both courts that the party invoking the judgment of the court as to who is the true claimant shall make known his condition as stakeholder within a reasonable time after notice of the double claim.

2. SAME.   *Interpleader after final judgment.*
When the statute speaks of an interpleader after final judgment, it must be held to mean that the right will exist when notice of adverse claim by third party has only been received by the garnishee after final judgment, but not as applying where the knowledge existed before judgment and was voluntarily withheld.

3. SAME.   *Case in judgment.*
Where the contest was as to whether a note made payable to the wife by the garnishee summoned as debtor of the husband belongs to her or could be reached by the creditors of the husband, and it was decided that the note could be so reached and the garnishee knew these facts, and also knew during the whole time that the note had been transferred but kept the knowledge to himself, it is too late after final judgment against himself and after the expiration of the term to demand an interpleader.

APPEAL from the Circuit Court of Copiah County.

HON. T. J. WHARTON, Judge.

The facts are stated in the opinion.

*H. C. Conn*, for the appellant.

1. This case comes plainly within the provisions of § 2449 of the Code of 1880, because the garnishee in his answer denied in-

debtedness to the defendant in attachment, and unnecessarily stated an indebtedness to another person. There was no reason on his part to anticipate that the court on a contest would award judgment against him for any amount. It was not necessary until after judgment rendered against him for him to demand an interpleader. In the cases of *Horton* v. *Grant,* 56 Miss. 404; *Lewis* v. *Dunlap,* 57 Miss. 130; and *McKinney* v. *Kuhn,* 59 Miss. 186, the garnishee admitted an indebtedness to the defendant in attachment.

*J. B. Harris,* on the same side.

1. The statute (§ 2446, Code 1880) applies to cases where the indebtedness is admitted by the answer, or where upon a contest the jury has found the debt to be due. The fact that the garnishee had notice before judgment of the assignment of a debt due to a third party and not admitted by him to be due the defendant in attachment, certainly imposes no duty on him.

*G. S. Dodds,* on the same side, made an oral argument.

*Willing & Sexton,* for the appellees.

1. One who, with a knowledge of all the facts, neglects to avail himself of the relief, or elects to take his chances for success in the actions at law, ought to submit to the consequences of defeat. *McKinney* v. *Kuhn,* 59 Miss. 186; *Yarborough* v. *Thompson,* 3 S. & M. 291.

2. A garnishee stands in the attitude of a trustee, and it is his duty to take legal steps at the earliest moment possible to protect the rights of all persons interested. *Oldham* v. *Ledbetter,* 1 H. (Miss.) 43; *Berry* v. *Anderson,* 2 H. (Miss.) 649; *Yarborough* v. *Thompson,* 3 S. & M. 296; *Lewis* v. *Dunlap,* 57 Miss. 130; Drake on Attachment 630.

*Robt. Willing,* on same side, made an oral argument.

Chalmers, J., delivered the opinion of the court.

Geo. S. Dodds, being garnished as the debtor of one Hurlbert, answered that he owed Hurlbert nothing, but that he was indebted to his wife for furniture bought of her, for which his own note had been given to her.

His answer was contested upon the ground that the furniture for which the note had been given was the property of the husband, and had been transferred to the wife in fraud of the husband's creditors. The parties went to trial on this issue, which resulted, after an appeal to this court, in a verdict that the transfer of the furniture to the wife was fraudulent. A judgment was consequently rendered against the garnishee, that he pay over the amount due on his note to the attaching creditors of the husband.

The garnishee, the term of court at which this judgment was rendered having expired, now seeks to supersede this judgment upon the payment by him into court of the amount due.

He represents that one Bruner claims to be the owner of the note executed by him to Mrs. Hurlbert, and asks that he be cited to contest with the attaching creditors the right to the amount due, and that he be discharged. He confesses, however, that he has known of the transfer of the note to Bruner, and that the latter has claimed to be the owner of the note from the inception of this litigation, and that he knew this at the time of his answer as garnishee. He bases his right to pay the amount due by him into court and to demand an interpleader upon the language of § 2449 of Code of 1880, which, as he claims, gives him this right " *either before or after final judgment.*"

Section 2449 of Code of 1880, giving the right to a garnishee to compel an interpleader when he is advised that two or more persons claim the right to the debt due or the property held by him is but the adoption in courts of law, *mutatis mutandis,* of the equity principles underlying bills for interpleaders. It is essential in both courts that the party invoking the judgment of the court as to who is the true claimant shall make known his own condition as stakeholder within reasonable time after being advised of the double claim ; and if in either tribunal, knowing the condition of affairs, he makes a contest in his own name with one without disclosing the name of the other, he cannot after he has lost compel his successful antagonist to litigate with the other.

A garnishee is a trustee as to the contending parties, and must maintain a position of impartial neutrality between them. He can-

23

not make common cause with one by fighting the battle for him, and after being defeated remit his opponent to a further contest with the other.

When, therefore, the statute speaks of an interpleader invoked " after final judgment," it must be held to mean that this right will exist where notice of the adverse claim by a third person has only been received by the garnishee after final judgment, but not as applying where such knowledge existed before judgment and was voluntarily withheld.

The garnishee in this case, however, insists that he was garnished as the debtor of Mr. Hurlbert, and thus having answered that he owed nothing, he was not obliged to pay anything into court or to demand an interpleader until the final judgment which established his liability. Ordinarily this might be so, but in this case the whole contest was as to whether the note belonged to Mrs. Hurlbert or could be reached by the creditors of her husband, and certainly after the decision in the case in 60 Miss. 549, the garnisher knew that the creditors could do so ; he knew then as during the entire time that his note had been transferred to Bruner, but kept that knowledge to himself. It is too late after final judgment against himself and after expiration of the term to demand an interpleader.

*Affirmed.*