.PORTER & MACRAE *v.* R. R. WEST, ASSIGNEE.

1. DEED OF ASSIGNMENT. *Power to appoint assignee. Trust reposed. Delegation of. Case in judgment.*
   The power to appoint a substituted assignee or trustee under a deed of assignment which authorizes "a majority of the creditors in amount" in certain circumstances to make such appointment, is a trust reposed, and cannot be delegated to others. And in such case any appointment of a substituted assignee or trustee by an attorney of such creditors is void. *Clark* v. *Wilson,* 53 Miss. 119, cited.

2. GARNISHMENT. *Where answer does not allege notice of claim of third person. Interpleader. Case in judgment.*
   B. made an assignment for the benefit of creditors. Afterward P. attached certain property of B., and caused writs of garnishment to be served on certain debtors of B. The attachment was sustained and judgment was rendered in favor of P. on his claim against B. The garnishees answered and admitted their indebtedness to B. without saying anything further. Thereupon W., the assignee of B. interposed his claim to the debts due from the garnishees. Section 2449, Code of 1880, as amended by Acts of 1884, page 74, provides that where a garnishee in his answer alleges that he has been notified that another person claims the debt which he admits to be due, then citation shall be issued to such third person to appear and contest the claim with the plaintiff. *Held,* that since the garnishees failed to allege in their answers a notification of the claim of W. as contemplated in the statutes above referred to, W. of his own motion had no right to come in and claim the debts.

APPEAL from the Circuit Court of DeSoto County.

HON. A. T. ROANE, Judge.

On February 9, 1886, Boyd & Nesbit, merchants, made an assignment for the benefit of their creditors. J. W. Odom was named as assignee. The deed of assignment contained a provision as follows: "If said assignee should fail, refuse, or be unable to execute this trust, then a majority in amount of said creditors may appoint a substitute for such assignee in writing, and such substitute shall have all the powers and authority herein conferred on said J. W. Odom as assignee." Odom having declined to act, the attorneys of "a majority of the creditors in amount" without any special authority appointed R. R. West assignee.

On February 29, 1886, Porter & Macrae sued out an attach-

ment against Boyd & Nesbit, and caused the same to be levied on the books of account of the latter. Numerous persons were also garnished as debtors of Boyd & Nesbit, who answered that they were so indebted. The attachment was sustained and judgment entered in favor of Porter & Macrae on their debt. R. R. West, assignee, thereupon interposed his claim to the books of account and the debts due from the various garnishees, debtors of Boyd & Nesbit. On the trial of the claimant's issue the jury found for the claimant, and the plaintiffs in attachment appealed.

*Malone & Watson*, for the appellants.

1. The garnishees had filed written answers admitting indebtedness to Boyd & Nesbit. Nothing more appearing, we were entitled to judgments against them for the several sums admitted to be due immediately upon the rendition of the judgments sustaining our attachment and the validity of our debt.

There is no suggestion in the answers of the garnishees or any of them that the indebtedness had been assigned. West, the claimant, at this juncture interposed his claim under § 1774 of the code, going upon the theory that these debts were property such as could be claimed under this section.

This we think was clearly erroneous. The proceedings proper to be taken in the case at bar are entirely different. The garnishee must raise the question by *paying into court the amount admitted to be due* and having the claimant summoned to interplead, etc. Code, § 2449.

West could not of his own motion come into a court of law and compel the plaintiffs to litigate the question of the indebtedness of the garnishees to the defendants.

In effect the court allowed West to make a defense for the garnishees which they waived and did not desire to make.

2. It is very apparent also that West was not properly appointed trustee or assignee, and hence had no right or authority to appear in this suit. The appointment was made by attorneys-at-law when the deed conferred the power upon the creditors. This was personal power or trust and could not be delegated.

Certainly a lawyer with no special authority from his client,

having a debt in charge for collection, cannot exercise the power of appointing a trustee where the power is conferred upon the client. *Clark* v. *Wilson,* 53 Miss. 119 ; 46 Miss. 422.

*D. McKenzie,* for the appellee.

1. The appointment of R. R. West assignee as a substitute for J. W. Odom was authorized by the assignment, and no creditor or party interested objects to it or to the way the appointment was made.

2. R. R. West, as assignee, filed his claim to the debts garnished under sections of the Code of Mississippi, 1774, 2549, and 2450, and properly on hearing of the issue got judgment in his favor. Appellants object because said claimant appeared without being summoned, as per code, 2449. But as the claimant only voluntarily did what the garnishees could compel him to do, there is no merit in that objection.

The attaching creditor cannot secure by garnishment any higher interest than the debtor attached had—the garnisheed debt. 61 Miss. 509–515 ; Waples on Attachment and Garnishment 344–347 ; 59 Miss. 327 ; 62 Miss. 791–6. The debts garnished in this case were assigned before the plaintiff's attachment issued, and as defendants had no title or interest in them plaintiffs could not acquire more than defendants' rights in them.

ARNOLD, J., delivered the opinion of the court.

For several reasons the claim of West, the alleged assignee, should not have been entertained or allowed by the court. If it be conceded that the deed of assignment was valid, his appointment as substituted trustee or assignee was void. The power conferred upon the beneficiaries in the deed of assignment, to appoint, on the occurrence of certain events, another assignee or trustee, was a trust reposed in them, which they could not delegate to others. *Clark* v. *Wilson,* 53 Miss. 119. Again, the garnishees had not alleged, as they might have done, under § 2449 of the code as amended by the act of 1884, Acts of 1884, page 74, without paying the money into court, that they had been notified that West, the alleged assignee, claimed title to or an interest in the debts which

they respectively admitted to be due.    This was a condition precedent to his right to interplead with the plaintiffs.    The interpleader allowed in such case is for the protection of the garnishees, and if they do not invoke it for themselves another cannot do it for them. "Courts of justice are not open, like tournaments, for errant knights to enter and tilt at pleasure."

*Reversed and remanded.*