MARY TOWNSEND *vs.* WEBSTER FIVE CENTS SAVINGS BANK.

Worcester. Oct. 5, 1886. — Jan. 4, 1887. DEVENS & W. ALLEN, JJ., absent.

In an action for money had and received against a savings bank, whose by-laws provided that a three months' notice in writing should be given of a depositor's intention to withdraw a sum of the amount sued for, the answer alleged that the bank had in its possession a certain sum standing in the name of the plaintiff; that the bank was summoned as trustee, and the funds were attached, in an action against the plaintiff's husband, as funds belonging to him, but standing in her name; that the bank was charged as trustee in that action, and judgment was entered against it, upon which execution issued; and that, after satisfying the execution, and deducting the trustee's costs and sums withdrawn, the bank had in its hands a certain sum, which it was ready to pay to the person to whom the same belonged. There was evidence tending to show that the plaintiff, no notice in writing having been given by her, went to the bank and asked for the funds standing in her name, and that the treasurer replied that she had no funds in the bank; and the treasurer testified that he declined to pay the money to the plaintiff because the funds claimed were held by trustee process, and that, if they had not been so held, he would have paid her. The plaintiff testified, without contradiction, that the money was her own; and her husband, who was summoned in as claimant, disclaimed said funds. *Held*, that the evidence warranted a finding that the right to notice had been waived; that the plaintiff was the creditor of the bank; and that the action could be maintained.

CONTRACT to recover $600, money had and received by the defendant to the plaintiff's use. Writ dated February 16, 1885.

The answer alleged that, in February, 1884, the defendant had in its hands and possession the sum of $542.25, standing in the name of Mary Townsend; that the defendant was summoned as trustee, and the funds were attached, in an action against John Townsend, as funds belonging to him, but standing in the name of Mary Townsend; that the defendant was charged as trustee of John Townsend in said action; that judgment was entered against the defendant as trustee on February 21, 1885, and execution issued thereon; that, upon demand of an officer, the defendant paid to him the sum of $74.71, to satisfy said execution; and that, after satisfying said execution, and deducting the sum of $24.24, the costs of the trustee in said action, and sums withdrawn, there remained in the hands of the defendant, with the dividends, the sum of $435.44, which the defendant was ready to pay to the person to whom the same belonged.

At the trial in the Superior Court, before *Bacon*, J., there was evidence tending to show that, more than three months before this action was brought, the plaintiff went to the defendant bank and asked the treasurer for the funds standing in her name, and that the treasurer replied that she had no funds in the bank; and the treasurer testified that he declined to pay the money to the plaintiff because the funds claimed were held by trustee process, and that, if they had not been so held, he would have paid her.

The plaintiff testified that the money was her own, and this was not contradicted; and her husband, who was summoned in as claimant, disclaimed said funds.

It appeared that the by-laws of the defendant bank provided that no funds should be withdrawn from the bank without ten days' notice in writing of such intention to withdraw the same, and, when the sum was more than $200, said notice should be three months. It was not contended that any notice in writing had been given by the plaintiff; but there was evidence tending to show that the bank had paid without notice such sums as the plaintiff had demanded.

The defendant contended that, upon the evidence and the pleadings, the action could not be maintained. The judge so ruled, and directed a verdict for the defendant. The plaintiff alleged exceptions.

*W. A. Gile*, for the plaintiff.

*T. G. Kent*, for the defendant.

HOLMES, J. There was evidence tending to show that the plaintiff went to the bank and asked for the funds standing in her name, and that the treasurer answered that she had no funds in the bank. If this evidence was true, the bank waived its right to the three months' notice required by its by-laws; for, by denying that the plaintiff was a depositor, the bank repudiated the relation on which its right to notice was founded. See *Lowe* v. *Harwood*, 139 Mass. 133, 136. The answer also waives the notice by implication.

The answer admits a deposit in the name of the plaintiff. The plaintiff testified that the money was her own, and her husband, who seems to have been supposed by the bank to have been her principal and the true depositor, disclaimed the funds. This evidence fully warranted a finding that the plaintiff was the creditor of the bank. It follows that the court erred in directing a verdict for the defendant. *Exceptions sustained.*