People's Bank of Biloxi *v.* Smith Bros. & Co.

| 75 | 753 |
| 80 | 795 |

Garnishment. *Claim of third person. Fraudulent transfer. Practice. Code* 1892, § 2143.

On the answer of a bank as garnishee, denying indebtedness to the defendant, the defendant's transfer by check of a deposit to a third person may be attacked as fraudulent, and its validity determined in a court of law, although such third person be summoned, not at the suggestion of the garnishee, but of the plaintiff. *Kellogg* v. *Freeman*, 50 Miss., 127; *Gregory* v. *Dodds*, 60 *Ib.*, 549; *Dodds* v. *Gregory*, 61 *Ib.*, 351, cited. *Porter & Macrae* v. *West*, 64 *Ib.*, 548, distinguished.

From the circuit court of Harrison county.

Hon. T. A. Wood, Judge.

Smith Bros. & Co. sued J. A. Bulandi for $91.84. Defendant had $1,042 deposited in the People's Bank of Biloxi, but, after commencement of suit, he gave his wife, Marie Bulandi, a check on the bank for $1,000, which she deposited at the bank to her credit. Plaintiffs, after getting judgment, had a writ of garnishment issued and served on the bank, and, at the same time, also served the bank with notice, in writing, that the money then on deposit in the bank to Mrs. Bulandi's credit was the property of defendant, J. A. Bulandi, and that plaintiffs would so prove the fact to be at the hearing. The bank answered, simply saying that it owed J. A. Bulandi

fifteen cents.    The plaintiff traversed this answer.    The gar-
nishee did not have Mrs. Bulandi summoned, to contest with
plaintiff the right to the money, under § 2143, code 1892; and
the plaintiff had her summoned, but she made no contest.    The
bank disregarded the writ of garnishment, and permitted Mrs.
Bulandi to check out the money that stood on its books to her
credit at the time the writ was served.    On the trial. it ap-
peared that there were but two deposits to her credit, one of
$1,000, on June 26, 1896, and one of $120, on October 12,
1896, at which last date she had to her credit $888.15.    She
continued to check against this account until the service of gar-
nishment, at which time there remained to her credit $151.29,
and of this sum she checked out all except twenty-nine cents
after service of the writ on the bank.    Judgment was rendered
by the justice of the peace against the garnishee for the amount
of plaintiff's debt, and, on appeal to the circuit court, the same
result was reached; hence this appeal.

*E. M. Barber*, for the appellant.

Being a mode of attachment and execution, the use of the
remedy by garnishment is dependent upon the right of the judg-
ment creditor to one or the other of these writs, and, hence,
where it appears that the process has been improperly issued,
it is the duty of the court to dismiss the proceedings.    Being a
remedy intended for the collection of debts owing from the
principal defendant to the plaintiff in the suit, it will not lie
against the debtor of the garnishee, against whom execution has
been returned *nulla bona*, nor can it be employed as a species
of injunction to hold the effects of the garnishee in the hands of
another.    Neither is it designed to try questions of fraud in
dealings between the debtor and a third person.    8 Am.. & Eng.
Enc. L., 1105, 1106.

Now, if the writ of garnishment could not be used to hold a
debt due the garnishee, against whom execution has been re-
turned *nulla bona*, *a fortiori*, a third person to whom the gar-

nishee is indebted could not be compelled to come in and interplead with the original debtor. I do not think that the statute provides for any such proceeding.

Section 2143 of the code of 1892, is very clear that unless the garnishee answers that he is indebted to the original judgment debtor, and, at the same time, or before judgment in the case, states that he is informed that the money or effects in his hands belong to a third person, and asks that summons be issued for the third person to come in and interplead, that it is not competent for the original creditor to interplead this third person, for this suggestion by the garnishee is a condition precedent to the right to interplead. In *Porter & McRae* v. *West*, 64 Miss., 548, it is said that an interpleader is allowed for the protection of garnishees, and, if they do not invoke it for themselves, another cannot do it for them; that "courts of justice are not open, like tournaments, for errant knights to enter and tilt at pleasure," this being the language of that eminent and profound jurist, Judge Arnold.

In substantiation of this idea, I refer to *Iron Cliffs Co.* v. *Lahais*, 52 Mich., 394; 8 Am. & Eng. Enc. L., 1106, note 10, and authorities cited. While these decisions are upon statutes different from ours, it seems to me that they lay down the proper doctrine that the judgment creditor must first attempt to make his money out of the judgment debtor before he can draw third persons into litigation by writ of garnishment.

The person sought to be charged as garnishee must be one against whom the defendant has a right of action, and whom he might himself sue in the same forum. 8 Am. & Eng. Enc. L., 1128, 1149, 1151, 1156, 1194, 1212, 1227, 1237. There being no privity between the garnishee, in this case, and the original judgment debtor, in respect to the money that Mrs. Bulandi had in the hands of the garnishee, the court erred in requiring Mrs. Bulandi to interplead on a suggestion of plaintiff.

Referring, now, to the attitude of the bank, who was the garnishee in this matter, towards the depositor, Mrs. Bulandi,

I think that the law is well settled that, when money is deposited in a bank, it is immaterial, as far as the bank is concerned, in what capacity the depositor holds or owns the money. The obligation of the bank is simply to keep it safely, and return it to the depositor on demand. See *Munnerlyn* v. *Augusta Savings Bank*, 88 Ga., 333, and also 30 Am. St. Rep., 159; Am. & Eng. Enc. L. (2d ed.), 833, note 3*m*, and authorities there cited.

*Mayes & Harris*, on same side.

The court below should have sustained the motion to strike from the files the suggestion of appellees, that the money in the bank was the property of the debtor, and not of his wife, etc. A garnishment is strictly a legal proceeding, and cannot be made to serve the purpose of a creditor's bill in chancery. *Toomer* v. *Randolph*, 60 Ala., 356; *Kearney* v. *Nixon*, 19 La. Ann., 16; *Hassie* v. *Congregation*, 35 Cal., 378; *Johnson* v. *Bryant*, 38 Kan., 754; *Harris* v. *Phœnix Ins. Co.*, 35 Conn., 310. We are not oblivious of the fact that in the Dodd's case, 60 Miss., 549, and 61 Miss., 351, a writ of garnishment was so used, and that the case went the round of the courts. But the point was not made, and that case is no authority. *State* v. *Tonella*, 70 Miss., 711, bottom of page. The statute does not authorize the creditor in garnishment to summon in a claimant; that can only be done by the garnishee. *Porter & Macrae* v. *West*, 64 Miss., 548. If the bank was liable as garnishee at all, it was either because, when the garnishment was served, it then had in its hands some property of the debtor, or else owed him a debt. It is manifest, that whether the money deposited be considered the money of the debtor or of his wife, in fact, there was no property of either husband or wife in the hands of the bank in the sense of this provision of the law. The relation between a bank and its depositors is not that of a bailor and bailee, or of a trustee and *cestui que trust*, but is simply that of a debtor and creditor. The very deposit transfers the

title to the bank, else the bank would have no right to pay it out. 2 Am. & Eng. Enc. L. (old ed.), 93. Even in states where it is held as a general proposition that a garnishment can be used in this way, it is also held that if it is a mere question of indebtedness on the part of the garnishee, and not one of his possession of the debtor's property, then the writ cannot be so used. *Van Winkle* v. *McKee*, 7 Mo., 435; *Doggett* v. *Ins. Co.*, 19 Mo., 201.

*White & Neville*, for the appellee.

The right of plaintiff to inquire into the *bona fides* of this transaction by garnishment is well settled. Drake on Attachment, secs. 458, 598; *Kessler* v. *St. John*, 22 Iowa, 565; *Gregory* v. *Dodds*, 60 Miss., 549; *Jamison* v. *Maxey*, 91 Wis., 563; *Dodds* v. *Gregory*, 61 Miss., 351; *Lee* v. *Tabor*, 8 Mo., 322; *Doggett* v. *Ins. Co.*, 19 Mo., 201; 8 Am. & Eng. Enc. L., 1180, 1181, note 3; Rood on Garnishment, 75; Waples on Attachment & Garnishment, pp. 209–213; Wade on Attachment, sec. 439; *Feary* v. *Cummings*, 41 Mich., 376; *Van Ness* v. *McLeod*, 2 Idaho, 1149; *Farington* v. *Sexton*, 43 Mich., 454; *Blake* v. *Hubbard*, 45 Mich., 1.

As a rule, the rights of the garnisheeing creditor are no greater than those of the judgment debtor, but in case of a fraudulent transfer, the creditor may recover, though the judgment debtor could not. 8 Am. & Eng. Enc. L., 1149, 1191–3; Waples on Attachment & Garnishment, 195, 215, 216; 7 Lawson's R. R. & P., sec. 3610; Rood on Garnishment, secs. 76, 77; Drake on Attachment, secs. 542, 458. For a case identical with this, see *Kessler* v. *St. John*, 22 Iowa, 565.

This statute is also a substitute for the remedy by interpleader in equity. Code of 1892, § 2143; *Kellogg* v. *Freeman*, 50 Miss., 127. A depositor cannot escape the danger of having the deposit attached in the hands of the bank as his if he makes the deposit fraudulently in the name of another. Waples on Attachment, 200. The service of the process of garnishment

. . . . is an effectual attachment of the property and effects of the defendant in the garnishee's possession.    8 Am. & Eng. Enc. L., 1198–1200.    After the writ of garnishment was served, the garnishee paid out the money at its peril, and appellee's rights were not affected thereby.    8 Am. & Eng. Enc. L., 1194, note 1.

Applying the well settled rules of law governing the case of voluntary confusion of goods, this sum of $151.29 is liable to the debts of Bulandi.    *Continental National Bank* v. *Weema*, 5 Am. St. Rep., 85; *Englar* v. *Offul*, 14 Am. St. Rep., 332; *Manufacturing Co.* v. *Manufacturing Co.*, 7 Am. St. Rep., 226; *Bank* v. *Hummel*, 20 Am. St. Rep., 257; Lawson's R. R. & P., sec. 91; 3 *Ib.*, secs. 1318–1319 (note); 8 Am. & Eng. Enc. L., 660; 2 Black. Com., 405; *Peterson* v. *Polk*, 67 Miss., 163; *Evans* v. *Morgan*, 69 Miss., 328.

Argued orally by *Edward Mayes*, for appellant, and by *W. A. White*, for appellee.

WHITFIELD, J., delivered the opinion of the court.

It is true, as held in *Porter & Macrae* v. *West*, 64 Miss., 548, that the plaintiff in attachment has no right to suggest for the garnishee that a third party claims the fund in the hands of the garnishee, that suggestion being permitted to be made by the garnishee, to protect him against a possible double payment of the debt garnisheed.    But the case holds nothing further than that, in order to make such third person a party litigant to the issue, as between the plaintiff and himself, the garnishee in such case not himself making any contest, but paying the money into court and being discharged, the garnishee must suggest that such third party has a claim.    Section 2143, code of 1892.    In order that the third party may thus become a party to the record, and "contest with the plaintiff the right to the money, debt or property," it is a statutory condition precedent that he must be suggested by the garnishee as such claimant,

and be made such party litigant as a result of such suggestion by the garnishee.    West was an assignee in a general assignment for creditors, and voluntarily came in propounding a claim to the debts due the assignors by the garnishees, they (the garnishees) having admitted they owed the debts to the assignors, and not having suggested that any third party had any claim to them.    That is the whole extent of that case.    It is no authority for the proposition that a garnishee who has been summoned as such, and "notified" that the fund he holds is claimed by a third party, and who, instead of protecting himself under the statute by paying the money into court, and having the claimant summoned to "contest with the plaintiff the right to the fund," himself elects to litigate with the plaintiff the issue that ought to be litigated by the claimant, can object to the trial in this proceeding of the issue tendered by the traverse of his answer.

Mrs. Bulandi did not contest this issue in the circuit court. The appellant voluntarily did it for her.    That issue arose on the traverse of appellant's garnishment answer, and was whether the money in bank deposited to the credit of Mrs. Bulandi was, in fact, the money of the debtor in attachment, her husband, by reason of a fraudulent transfer of it to her by him. "This special statutory proceeding was borrowed from equity jurisprudence."    *Kellogg* v. *Freeman*, 50 Miss., 130.    And we think it is settled by *Dodds* v. *Gregory*, 60 Miss., 549, and *Gregory* v. *Dodds*, 61 Miss., 351, that this inquiry can be made in this proceeding on the traverse of the garnishee's answer. The point made here that this is using garnishment process as a bill in equity to set aside a fraudulent transfer, must surely have been considered by the court in 61 Miss., 351.    Besides, a careful examination of the authorities has satisfied us that, on principle and authority, the view announced is the sound one.    Cases cited by learned counsel for appellant do not sustain this contention.    *Harris* v. *Phœnix Ins. Co.*, 35 Conn., 310, does not touch the question.    In *Toomer, etc.*, v. *Randolph*, 60 Ala., 356, it was held that, in that state in an action

at law—the mortgage there creating an estate in the land in the mortgagee—the rents collected by the mortgagee, who was in possession, were his (the mortgagee's) property, and not the mortgagor's, and of course not garnishable as the mortgagor's. So, in *Johnson* v. *Brant*, 38 Kan., 759, the court states that the money paid into the bank on Johnson's mortgage was never thereafter Clark's money—the defendant.    It had become Johnson's money, he holding a mortgage on lands on which the money was realized, executed by Clark.    This money Clark's agent, Plaque, paid Johnson's agent, the bank, on Clark's admitted valid debt to Johnson.    How could the bank be garnisheed as owing Clark, Johnson's money collected on his mortgage?    The distinction is plain.    *Kearney* v. *Nixon*, 19 La. Ann., 16, was an effort, by various irrelevant interrogatories, to get out of the garnishee evidence, and then, on that evidence, to have property owned by the garnishee subjected to plaintiff's demands. The property in that case was claimed by the garnishee as his own, not belonging to anybody else in any way, or claimed by anybody else.    That is not this case.    The bank here does not claim to be the owner of the money, the deposit, in any absolute sense, so as, for example, that it does not owe Mrs. Bulandi the amount of the deposit.    It claims, it is true, that the relation of debtor, on its part, exists to Mrs. Bulandi, in whose name the deposit was made.    Not that it is not liable to Mrs. Bulandi, or the real owner of the deposit, in any event, as was the exact claim in the Kearney-Nixon case, but the very question at issue here is, to whom does the deposit, in fact, belong, Mr. or Mrs. Bulandi?    And that it was competent to investigate and settle that issue made by the traverse of the garnishment answer in this proceeding, is, we think, well settled. *Dodds* v. *Gregory* and *Gregory* v. *Dodds*, *supra;* Drake on Attach., secs. 458, 598; Waples on Attach., 213; *Kesler* v. *St. John*, 22 Iowa, 565; 8 Am. & Eng. Enc. L. (1st ed.), 1180; 41 Mich., 376; *VanNess* v. *McLeod*, 2 Idaho, 1149.

The case of *Doggett* v. *St. Louis, etc.*, 19 Mo., 203, cited by

appellant's counsel, squarely supports our view, and correctly distinguishes *Van Winkle* v. *McKee*, 7 Mo., 435, the court saying: "When a person is summoned as a debtor of the defendant, and in his answer states the fact of an assignment of the debt to a third person, if such assignment is fraudulent as to the plaintiff, who is an execution creditor, then the garnishee is, so far as that proceeding is concerned, the debtor of defendant, and not of his assignee, and may be required to pay the money to satisfy the plaintiff's judgment.    There is no other inconvenience in proceeding to determine the question of the validity of the assignment in this case.    That would arise in any case in which a garnishee admitted himself to have been the debtor of the defendant, and then stated that some third person claimed the debt as assignee.    In all such cases the plaintiff has the right to have the fact tried, whether the garnishee is still the debtor of the defendant, so as to be liable to pay his judgment."

The case of *Hutchins* v. *Howley*, 9 Vt., 295, is plainly distinguishable on several grounds.

The principle is, of course, limited by the consideration that the garnishee cannot be held for more than he had when served —for funds he had previously parted with—in this proceeding, as held in *Feary* v. *Cummings*, 41 Mich., 384.

Ordinarily the plaintiff has no larger right against the garnishee than the debtor has; but in case of a fraudulent transfer by a debtor to a third party, the plaintiff may set it aside, though the debtor, *in pari delicto*, cannot.    Drake on Attach., sec. 458; *Van Ness* v. *McLeod*, 2 Idaho, 1150.

*Affirmed.*