RUSSELL ET AL. *v.* ALLEN.

[70 South. 890.]

1. GARNISHMENT. *Liability of plaintiff to third persons claiming the fund.* *Garnishee's suggestion of another's ownership. Effect. Collateral attack. Lien on judgment. Vendor and purchaser. Vendor's lien. Notes. Maturity. Action.*

Where a wife with her husband sold land for cash and purchase money notes, and the husband assigned his interest in the notes to his wife, and a judgment creditor of the husband garnisheed the purchaser of the land and collected money on his judgment, in such case the wife had no claims against the judgment creditor for any amount he had collected by such garnishment, as there was no privacy of contract between the wife and the judgment creditor, and there was no allegation in the bill or proof that the purchaser would be rendered insolvent by paying any part of the garnisheed debt.

2. GARNISHEE'S SUGGESTION OF ANOTHER'S OWNERSHIP. Effect. .
    In such case it was the duty of the garnishee, the wife being one
    of the payees in the note, to suggest the wife's ownership, and
    thereby place the law court in a position to implead the wife and
    the judgment creditor as provided in Code 1906, section 2355, and
    where the garnishee failed to do this, the law court could ren-
    der no judgment, except against the garnishee and in favor of
    the judgment creditor.

3. SAME.
    In such case in the absence of a plea by the garnishee that the
    judgment against the husband, a copayee, was void for lack of
    service, the wife had no right to collaterally attack the judgment
    recovered by her husband's creditor against her husband and the
    maker of the note as garnishee.

4. GARNISHMENT. Lien on judgment. Right of debtor's wife.
    The wife of a debtor, who is with him copayee on notes, has no
    lien upon money recovered by a creditor of the husband against
    the maker of the notes in a garnishment proceeding and if the
    garnishee makes an unauthorized payment to the creditor of the
    husband, she is not concluded thereby.

5. VENDOR AND PURCHASER. Vendor's lien notes. Maturity. Action.
    The wife, a copayee with her husband of defendant's lien notes
    which had not matured when she filed a bill to enjoin the maker
    as garnishee, from payment to a judgment creditor of her hus-
    band, had no right to an attorney's fee provided by the purchase
    money notes.

APPEAL from the chancery court of Lawrence county.
HON. R. E. SHEEHY, Chancellor.

Bill by Mrs. Mary E. Allen against J. A. Russell and
another. From a decree for complainant, defendant ap-
peals.

The facts are fully stated in the opinion of the court.

J. C. Oakes, for appellant.

G. W. Magee, for appellee.

STEVENS, J., delivered the opinion of the court.

Appellants prosecute this appeal from a decree ren-
dered against them by the chancery court of Lawrence

county. It appears that appellee and her husband, J. C. Allen, sold and conveyed to William May, one of the appellants, in January, 1909, their home place for five hundred dollars, one hundred dollars cash, and the balance of the purchase money evidenced by four promissory notes, due respectively on or before December 1, 1909, 1910, 1911, and 1912; a vendor's lien being expressly retained in the deed to secure the purchase money. In March, 1909, appellant J. W. A. Russell recovered a judgment against J. C. Allen, the husband of appellee, in the justice of the peace court, and in April following garnishment was issued on this judgment and served on William May. The garnishee answered, admitting the indebtedness to J. C. Allen evidenced by the four notes and accrued interest, and judgment was rendered by the lower court in favor of Russell and against May as. garnishee, with a stay of execution until the several notes matured. In November, 1909, Mrs. Allen, appellee, filed her bill in the chancery court alleging that the several promissory notes executed by May in favor of J. C. Allen and herself jointly had been transferred and assigned February 20, 1909, by her husband to her, that she was then the sole owner of the notes and the indebtedness secured thereby, and that the answer of William May as garnishee was fraudulent and wrong, and praying that Russell, the judgment creditor, be made a party to her bill and enjoined from receiving the proceeds of her notes, and that William May be enjoined from paying the money to Russell, and praying general relief in the premises. Separate answers were filed by the defendants denying Mrs. Allen's ownership of the notes, denying any fraud, but admitting the execution and delivery of the notes by William May. The defendant Russell pleaded his judgment against J. C. Allen for two hundred and seventy six dollars and fifteen cents, with interest and costs, and his judgment against William May as garnishee, and admitted the collection from William May of the first note for one hundred and nine dollars. William May admitted in his answer

the service of the writ of garnishment upon him, the filing of his answer as garnishee, but denied that he knew that J. C. Allen had transferred the notes to his wife, denied that the place be purchased from them was their home place, and denied any knowledge that the name of appellee appeared as one of the copayees of the notes, admitted paying the first note, and expressed a willingness to pay the balance of the notes as the court might direct. Oral testimony was taken, and upon the pleadings and proof the chancellor entered a decree in favor of appellee for the full amount of the three notes maturing in 1909, 1910, and 1911, with interest and attorney's fees, and rendered this as a joint and several judgment against both of the appellants, awarded a lien against the lands purchased by May, gave the defendants thirty days in which to pay the judgment, and condemned the lands to be sold by a commissioner of the court in event the personal decree so awarded was not paid within the time allowed.

The bill of complaint in this case was filed before any of the notes had matured. There was some contention by the appellee that the personal judgment recovered by Mr. Russell against J. C. Allen was void for lack of proper service of process on the defendant.

The deed of conveyance executed by J. C. and Mrs. Allen has the following express stipulation:

"It is also distinctly understood and agreed by the parties hereto that, if the grantee herein, William May, fails to meet any of the said payments when due, then the said grantee may pay the interest on same and take up said note at the expiration of the other."

The separate answers of each of the defendants were filed January 13, 1910, just after the first note became due and payable by its terms, but at the time of the rendition of the final decree, January 27, 1913, the first three notes had matured.

It appears to be the theory of the bill presented by the appellee that the complainants had a right to a temporary injunction restraining Mr. Russell from collecting and

William May from paying the judgment rendered against. May as garnishee, but the bill does pray that complainants be awarded a decree for so many of the notes as may be due and payable at the time the suit is tried.

We are unable to see how the bill of complaint in this cause states any case whatever against Mr. Russell. Conceding that the husband of appellee did transfer and assign his interest in the notes to her, and that she was sole, legal, and equitable owner of the notes at the time the bill was filed, still she has no claim against Mr. Russell, and certainly was not entitled to a personal decree against Russell for any amount he had collected under and by virtue of his judgment against William May as garnishee. There is no privity of contract between complainant and Russell, and not even an allegation in the bill or any proof indicating that the negro, William May, would be rendered insolvent by paying Mr. Russell any part of the judgment in garnishment.

There was no cross-bill by the defendant William May asking for any relief whatever against Mr. Russell, and therefore the relief granted to complainant was not in response to any cross-action undertaking to relieve William May from the judgment rendered by the lower court against him. The name of appellee appeared as one of the co-payees of the notes, and it was the duty of William May, as garnishee, to suggest the claim or ownership of appellee and thereby place the law court in a position to implead appellee and Russell. Without a suggestion from the garnishee even the law court would have been without jurisdiction to determine the right of Mrs. Allen to any portion of the indebtedness admitted to be due by the garnishee. *Porter* v. *West,* 64 Miss. 548, 8 So. 207. Our statutes provide a full and adequate relief where the fund is claimed by a third person and the statutory procedure should be followed. Section 2355, Code of 1906, grants the right to the garnishee to compel interpleader even after judgment has been rendered against him "if he had no such notice before the judgment was rendered."

If the garnishee fails, after due notice of the rights of a claimant, to suggest ownership or claim of ownership by any third party, then the law court is, of course, powerless to render any judgment, except against the garnishee and in favor of the judgment creditor. So far as this record discloses, the law court was justified in rendering a judgment in favor of Russell and against William May as garnishee.

There was no plea by the garnishee that the judgment which Russell had obtained against J. C. Allen was void for lack of service, and Mrs. Allen as complainant in the present cause had no right to make a collateral attack upon the judgment recovered by Mr. Russell against her husband. So far as this record shows, Russell has asked for and received nothing more than the law allowed him. It cannot be said that Mrs. Allen has a lien upon any money which he has recovered from William May on his judgment. If William May has made an unauthorized payment to Russell, then Mrs. Allen is not bound or concluded by such payment, and her rights are in no wise affected thereby. She still has her claim against William May and her lien upon the lands purchased by him.

As we view this record, appellee, as complainant, had no right to the injunction prayed for, and, indeed, no injunction was ever granted by the court. If she had no right to the injunction, then she is in the attitude of filing suit against William May before any of her notes had matured. It is true that at the time the final decree was rendered three of the notes had matured, but ordinarily the cause of a complainant must be determined as of the time the bill was filed, and, measured by this rule, complainant had no right to a personal decree whatever in this case, and especially to any attorney's fees provided for by the notes. We are conscious of the fact that no point is expressly raised or argued by counsel for appellants that the notes had not matured, but the theory of the bill was wrong to start with, and this has led the court into a series of errors. Among other errors, the rec-

ord fails to show the exact amount paid by William May to Russell.

The final decree having been based upon an erroneous conception of complainants' right in the premises, and, the whole record being in such confusion, we, constrained by a desire to do no injustice to any of the parties, feel that the decree of the court below should be reversed and set aside as to both appellants, and this cause remanded. If the parties can then amend their pleadings so as to entitle any of them to relief, the chancellor will be at liberty to proceed in accordance with equity and right.

*Reversed and remanded.*