CORA C. FORD, Appellee, v. AMES NATIONAL BANK, Appellant.

**BANKS AND BANKING:** Deposits—Title To and Disposition Of. A bank acts at its peril in assuming that a deposit in the name of a particular person belongs to some other person.

*Appeal from Story District Court.—*E. M. McCall, Judge.

NOVEMBER 20, 1923.

ACTION to recover balance due plaintiff for money deposited by her in defendant bank. The case was tried as in equity. Judgment for plaintiff for the amount of the account, with interest, amounting in all to $1,997.13. Defendant appeals.—*Affirmed.*

*R. E. Nichol,* for appellant.

*E. H. Addison* and *M. M. O'Bryon,* for appellee.

PRESTON, C. J.—There is little, if any, dispute as to the facts. It appears that, at and prior to May, 1914, plaintiff and H. C. Ford were husband and wife, and lived in Ames, Iowa. A property was purchased and used as a homestead until May, 1918, when plaintiff moved to Marshalltown. The title was in the husband, and this was known to defendant. There were mortgages on the property. On March 1, 1918, the husband left Ames, and went to West Virginia, as an engineer in the employ of the government, or a contractor, but not in any branch of the military service. When he left, there was no talk of separation, but it appeared later that there had been some trouble between them. During his absence, he seems to have determined not to return to his wife. At any rate, he never did so, and two or three years later, she procured a divorce from him on the ground of desertion.

Before Ford left Ames, he gave her the property and all its rents and profits, and they agreed that she should sell the property and pay off incumbrances, and that she should have as her own property the proceeds of the sale. She made a contract to sell the property, and it was sold and deed made. The purchase price was paid, mortgages paid off, and the balance deposited to her account and in her name in defendant bank. Prior to this, plaintiff had kept a separate account with defendant, but Ford never did any part of his banking business with defendant, and he never drew any checks upon or made any deposit in defendant bank. On May 5, 1919, plaintiff had a balance on

deposit, $138.60. On May 28, 1919, she personally deposited $1,025, part of the proceeds of the sale of the homestead, and on August 11, 1919, the president of another bank who was concerned in the sale and settlement, at plaintiff's direction deposited the balance of the proceeds to her account in defendant bank, $1,239.70. No part of the business of the sale was made or done by defendant, or in its bank. Plaintiff had directed and made all the deposits, none had been made by her husband, and no one else had ever checked from her account. The cashier says that he knew from hearsay that these funds were from the sale of the homestead. He says he had no knowledge of how the ownership was adjusted. There was no statement by plaintiff by which the bank was deceived or misled. Nothing was said to her, at the time of the deposits, as to the source of the fund, nor did she ever make any statement inconsistent with her ownership. On August 3, 1919, in response to a letter from Ford, defendant wired him a part of the money on deposit in her name. Another draft was sent to him on August 6th, and another draft on August 23d. He was paid, in all, out of her funds, $1,703.19. He gave no checks for any of these payments. Plaintiff had no notice or knowledge of such payments until later she drew some checks, payment of which was refused. Coming to Ames, she was there, for the first time, informed by the bank that the money had been paid to her husband.

It is thought by appellant that, the legal title to the homestead being in Ford, plaintiff was but his agent in the sale, and therefore the fund was a trust, and the husband, as principal, was entitled to the funds deposited in the agent's name, and defendant had the right to make payment to the real owner of the funds. The trouble with this contention is that, under the evidence in this case, plaintiff was the owner of the funds deposited. The agreement as to the sale of the homestead had been executed, the money paid to her, and deposited by her. It was then her money. It could hardly be said, in fairness, that the bank and Ford could, by themselves, in the absence of plaintiff, and without her knowledge and consent, adjudicate her rights and determine that Ford was the owner of the funds. Appellee's propositions are that, in a case like this, if claim is made by a third person, and the bank makes payment to him,

it does so at its peril, and if the claim is not valid, the bank is liable to the depositor for the amount so paid. *Jaselli v. Riggs Nat. Bank,* Ann. Cas. 1912 C 119 (31 L. R. A. [N. S.] 763, note); *Patterson v. Marine Nat. Bank,* 130 Pa. St. 419. A bank, having received money from a depositor and credited him therewith upon its books, enters into an implied contract to honor his checks, and is estopped from alleging that the money deposited belongs to someone else, or from denying title of the depositor. *Patterson v. Marine Nat. Bank,* supra; *Jaselli v. Riggs Nat. Bank,* supra; *First Nat. Bank v. Mason,* 95 Pa. St. 113; *American Exch. Nat. Bank v. Gregg,* 138 Ill. 596; *Hemphill v. Yerkes,* 132 Pa. St. 545. The bank, upon notice of an adverse claim, could doubtless, if satisfied that the claim was made in good faith, retain a sum sufficient to meet the claim; still it must exercise diligence in notifying its customer thereof, and of its intention to protect itself. Failure or negligence in that regard, if injury results to the depositor, will render the bank liable, if the claim is unfounded. *Jaselli v. Riggs Nat. Bank,* supra; *Patterson v. Marine Nat. Bank,* supra. It has been held that the fact that the bank pays the deposit pursuant to a judgment against it, as garnishee of the depositor's husband, is not a defense to an action against it by the depositor, and that, not having been a party, she may recover from the bank, upon proof that the money is hers. *Townsend v. Webster Five Cents Sav. Bank,* 143 Mass. 147.

We do not understand appellant to dispute these legal propositions. We think they are in point, and applicable to the case in hand. Further discussion is unnecessary. We are clearly of opinion that plaintiff is entitled to recover. The judgment is—*Affirmed.*

STEVENS, DE GRAFF, and VERMILION, JJ., concur.