PASCAGOULA NAT. BANK *v.* EBERLEIN.

(Division A.   Jan. 5, 1931.)

[131 So. 812.   No. 28530.]

Ford, White, Graham & Gautier, of Gulfport, for appellant.

Foster & Nailing, of Memphis, Tenn., and **Mize, Mize & Thompson**, of Gulfport, for appellee.

Argued orally by **E. J. Ford**, for appellant, and by **S. C. Mize**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

Mrs. Martha E. Eberlein, the appellee, sued the Pascagoula National Bank, the appellant, for refusing to honor seven checks drawn at different times in favor of various persons and drawn by her on the bank at a time when she had sufficient money on deposit in the bank to pay such checks. On being submitted to the jury, a verdict for two thousand five hundred dollars was rendered, and upon that verdict judgment was entered accordingly, and the bank prosecutes an appeal here.

One count of the declaration was upon the refusal of the bank to honor Mrs. Eberlein's check for two hundred ninety-four dollars and fifty-one cents, which she presented to the bank, and which was refused because of certain garnishment proceedings. Mrs. Eberlein charges in this count that the action of the bank was willful and malicious, and that the bank held the money for a period of seventeen months. She further charges that the bank was notified that this money was kept in bank for the purpose of paying an installment on her home, and that she had no other funds with which to pay the note, and that, because of the bank's failure to honor her check, about thirty days after the payment on the home was due she was forced to sell her home at a sacrifice in order to prevent a foreclosure of the mortgage thereon; that, if the bank had honored her check she could have paid off said note and could have sold her home at a price of at least three thousand dollars in excess of what she actually got for it. It was further alleged as special damages that the school authorities had threatened to force her to withdraw her children from school because she was unable to pay the tuition, because the bank would not pay over to her this money on her check. After the bank

had refused her, in person, the payment of her check, she drew several other checks upon this fund, and suit was brought on each check.

The defense offered by the bank was to the effect that a plaintiff had recovered judgment against J. G. Eberlein, the husband of Mrs. Eberlein, and on February 3, 1925, had caused to be issued and served on the bank a garnishment writ statutory in form, and that at the date of the garnishment the bank knew that Mrs. Eberlein had drawn a number of checks with which to pay debts of J. G. Eberlein in conducting his filling station business, that it knew that just prior to the date of the garnishment Eberlein had sold his entire filling station business and had collected the money by check on the bank from his purchaser, and that on the following day he had deposited cash amounting to two hundred thirty dollars to the credit of his wife's account. The bank also knew that the account had been opened by Mrs. Eberlein on the 17th day of November, preceding the transactions here under review, by a draft drawn on a Mobile bank by her and deposited in the name of "Martha E. Eberlein, A-gent." The bank promptly filed its answer to the writ of garnishment, categorically denying any indebtedness to J. G. Eberlein, and denied that it knew of any one who owed him or had his effects in hand, and then, after answering in statutory form, stated further that there was on deposit in its bank under the name of Mrs. Martha E. Eberlein, agent, the sum of two hundred ninety-four dollars and fifty-one cents, of which her husband, J. G. Eberlein, had deposited two hundred thirty dollars; and answered that they understood Mrs. Eberlein claimed this money, and asked that she be brought into court. It further set up in its notice that Mrs. Eberlein had promptly appeared in the circuit court where the garnishment was pending and made claim to the money.

On the trial of the case, there was much testimony taken which is unnecessary to detail here. There was no question but that the checks were dishonored. There

was no dispute as to the record facts of the garnishment. There was no dispute that the bank acted upon the advice of its lawyer in refusing to pay the checks of Mrs. Eberlein and in the manner of filing its answer to the writ of garnishment. The trial of the garnishment proceeding resulted in the lower court holding that Mrs. Eberlein, the claimant, was entitled to the money deposited in the bank, and that it was not subject to the payment of her husband's debts. On appeal of that case to this court it was affirmed.

First. It is assigned as error that the lower court refused to grant the peremptory instruction requested by the appellant. Appellant's position on this case is that the garnishment writ served upon it before it refused to pay any of Mrs. Eberlein's checks authorized it to dishonor the checks and absolved it from liability. It will be observed that the judgment was against J. G. Eberlein, the husband, and not against the wife. The garnishment writ was directed against the husband and not the wife. The proper answer for the garnishee, the bank, to have made in this case would have been to have denied indebtedness, and, if it thought the facts warranted it, it should have set up in answer to the garnishment that Mrs. Martha E. Eberlein was indebted to the defendant or that it believed she had effects of the defendant in her possession, or under her control. This it did not do. It saw fit to answer the garnishment writ, pay the amount of Mrs. Eberlein's deposit into court, and have her litigate with the plaintiff in garnishment, who had not sought by any affirmative action to bring any kind of suit against her, or in any manner impound the deposit of Mrs. Eberlein in the bank. The appellant here says in reply that the attorney of the garnishment creditor notified the bank that it, the bank, would be held liable for any money coming to the husband from the sale of the filling station which came into the hands of the bank. The evidence shows in this case, without dispute, that the garnishment creditor had no knowledge

that Mrs. Eberlein had a deposit in the bank until the bank voluntarily filed his answer ahead of time, tendered the money into court, and set up the fact that she had a deposit there. This is not an answer to the proposition that the garnishment writ sought no relief against Mrs. Eberlein, and the bank withheld her money and the payment thereof on her check at its peril. The sole purpose of the garnishment writ is to establish and determine what money or property the garnishee has in its hands or under its control belonging to the defendant judgment debtor. Had the bank answered in accordance with the requirements of section 2058, Hemingway's Code 1927, section 2342, Code 1906, the status of Mrs. Eberlein's bank account would not have been the subject of review, and, if the bank had answered that it believed Mrs. Eberlein had money of the husband in her possession, then if the judgment creditor had desired to impound the money belonging to Mrs. Eberlein, it would have assumed responsibility therefor by its own direct action, but the course adopted by the appellant here, where it did not know to whom the money belonged, relieved the judgment creditor of any responsibility to Mrs. Eberlein, so far as the contest of her right to the money was concerned, and so far as any damage which may have accrued to her. Appellant relies upon section 2067, Hemingway's Code 1927, section 2351, Code 1906, but appellant's answer was not in accordance with the proceeding there provided relative to the right of garnishee to compel an interpleader. This part of that section is especially applicable: "In such case, if the answer admit an indebtedness, and the garnishee pay the money into court, he shall thereupon be discharged from liability to either party for the sum so paid." In the instant case the garnishee, the bank, did not admit an indebtedness to Mrs. Eberlein, but, on the contrary, denied an indebtedness, and it had no notice of any other claimant.

If the bank desired to be protected in withholding this money from the payment of Mrs. Eberlein's checks, it had a right to demand of the judgment creditor that it procure a restraining order, injunction, or other appropriate process against the bank from a court of competent jurisdiction, to which proceeding Mrs. Eberlein would be a necessary party; or it might have demanded a bond with sureties indemnifying and protecting it against all loss, damage, costs, and expenses. See section 3883, Hemingway's Code 1927, Laws 1922, chapter 172.

The course adopted by the bank relieved the judgment creditor in garnishment from any liability or responsibility. The presumption was that the money deposited in the bank to the credit of Mrs. Martha Eberlein, agent, was the money of Mrs. Eberlein, and it was its duty to pay out the money upon a properly drawn check. The fact that she attached the word "agent" after her signature in making the deposit and in drawing checks did not create any liability against the bank in this case. See section 3882, Hemingway's Code 1927. We are therefore of the opinion that the court properly refused the peremptory instruction, being of the opinion that People's Bank v. Smith, 75 Miss. 753, 23 So. 428, 65 Am. St. Rep. 618, does not apply in this case from any viewpoint.

Second. The court below gave instructions on behalf of Mrs. Eberlein, which permitted the jury to assess against the bank punitive damages. We think, without detailing the evidence except as above stated, that under the rule announced by this court punitive damages were improper in this case, and in that respect we think the giving of the instructions allowing the jury to assess punitive damages affected the verdict in this case, and was injurious and harmful to the appellant bank. As to this element we think the evidence does not show any fraud, malice, or oppression on the part of the bank; it was simply a mistake of judgment as to its course of

procedure in the situation and under the circumstances which surrounded the bank at the time the check was dishonored. In the case of Grenada Bank v. Lester, 126 Miss. 442, 89 So. 2, this court held that a wrongful dishonor of a check by a bank will not justify damages for embarrassment and humiliation of the injured depositor, unless characterized by malice or oppression warranting punitive damages.

Third. We think the evidence in this case wholly fails to substantiate the allegation in the declaration that Mrs. Eberlein was forced to sell her place. The strongest term used by her in her evidence, and the only evidence, is that a payment was due to be paid by her to the bank because a proceeding had been instituted to determine which of two claimants was the owner. of the mortgage on her property, wherein she said that the payment was due and that she had been ''advised'' to sell her property. Her testimony that her vendee, within a short time following the purchase, made a profit of two thousand five hundred dollars was incompetent. There was no effort to show the market value of the house, nor is there any evidence to show that the appellee was forced to sell the house at the time and in the manner in which she did voluntarily sell her home. It may well be thought that she sold to make a profit herself, which she admits she made, rather than to believe that she was forced to make a sale; in fact, she does not testify that she was forced to make a sale, but only that she was advised to sell. The evidence of her vendee's profit at a later day was no evidence of special loss to her. As the jury found a verdict for two thousand five hundred dollars, and as that is the profit which she said her vendee made, we may well conclude that the jury adopted this as the basis for its verdict in this case. This evidence was incompetent, and should not have been given to the jury, and it was permitted to be offered over the objection of the appellant.

For the errors indicated, this case will be remanded to the lower court for another trial.

Reversed and remanded.