[Civil No. 3652.   Filed July 6, 1936.]

[59 Pac. (2d) 335.]

THE VALLEY BANK AND TRUST COMPANY, a Corporation, Appellant, v. EDWARD F. PARTHUM, Administrator of the Estate of Richard F. Parthum, Deceased, Appellee.

Messrs. Kibbey, Bennett, Gust, Smith & Rosenfeld, for Appellant.

Mr. L. J. Cox, for Appellee.

ROSS, J.—Appellant (garnishee bank) in its motion and brief for rehearing says:

"We respectfully submit that the opinion in this case is not a decision of the case disclosed by the

record. It wholly overlooks the real issue in the case and should be set aside and a rehearing granted, in order that the court may consider and pass upon the real issue of the case.''

We did not intend to do what the appellant charges, and we hardly think the language it employs represents the situation, factually or legally. In our statement of the case, we tried to set out in as little space as possible the essential or necessary facts to a correct decision of the questions involved, but in doing so we failed to state that Katherine Lee, the fourteen year old daughter of the defendant and in whose name the defendant carried his account with the garnishee bank was, under the direction of the court, made a party to the garnishment proceeding and that her guardian *ad litem*, Ivan Robinette, for and in her behalf, filed an answer putting in issue plaintiff's claim that the money on deposit in the garnishee bank was the money of defendant Frank Healy. In her answer she denied that the money on deposit in her name was her father's, but asserted that it belonged to her. We suppose that it was on account of this omission that appellant contends we did not decide the case presented but some other case. If Katherine Lee had not been made a party, the funds in controversy being in her name, the court would not have had jurisdiction to decide that the funds were not hers. Before that could have been done, she was entitled to her day in court. *Townsend* v. *Webster Five Cents Sav. Bank,* 143 Mass. 147, 9 N. E. 521. So, while the fact of jurisdiction over Katherine Lee and the funds existed, we failed to so state. It was so firmly fixed in our minds that we must have assumed that it would not be questioned.

It is next said that if the garnishee bank under the facts had dishonored Katherine Lee's checks, it would have made itself liable in large damages to Katherine

Lee, and appellant cites as supporting that assertion a number of cases, a typical one being *Siminoff* v. *Jas. H. Goodman & Co. Bank,* 18 Cal. App. 5, 121 Pac. 939. Neither this case nor any of the others cited (except *Pascagoula Nat. Bank* v. *Eberlein,* 161 Miss. 337, 131 So. 812) was a garnishment case. The principle laid down by these cases is that a bank that carelessly or wilfully or without legal excuse dishonors a customer's check, when he has funds to meet it on deposit, is liable for any injury sustained by the customer by reason thereof. The Pascagoula case was a garnishment case, but the bank there made the claim that the deposit belonged to the defendant Eberlein. In other words, the bank, without any claim by the plaintiff that the deposit belonged to defendant, assumed that the funds belonged to the defendant and on its own initiative dishonored the depositor's check. This the court very properly held the bank had no right to do. But here the plaintiff claims the deposit belongs to the defendant who is using the bank and his child as cats'-paws to defraud his creditors. In other words, the plaintiff notified the bank that, while the deposit was in the child's name, it belonged to the defendant. Section 4264, Revised Code of 1928, says:

"From and after the service of such writ of garnishment, the garnishee shall not pay to the defendant any debt, or deliver to him any property; . . . any such payment or delivery . . . shall be void and of no effect as to so much of said debt . . . as may be necessary to satisfy the plaintiff's demand."

If there had been no dispute as to whether the Katherine Lee account belonged to defendant, it is very plain what the duty of the garnishee would be. Under other sections of the Code (4272, 4273) it is provided, when the parties plaintiff, defendant and garnishee disagree as to the facts, they shall, under

the court's direction, tender an issue by their pleadings and upon such issue have a trial. Now, if under the issue thus formed the proof shows that the deposit was the defendant's and that Katherine Lee was merely a figurehead used by defendant to defraud his creditors, in other words, that she was an innocent agent of defendant, why should not the prohibition against the garnishee's paying the deposit out to defendant, or anyone else representing him, after the service of the writ, in good reason and common sense extend to and forbid the bank from honoring checks of the nominal depositor until the ownership of the bank account was judicially determined?

██ The appellant seems to question the right of a plaintiff to employ garnishment proceedings to reach the funds or property of his judgment debtor in a bank in the name of some third party. He says he was not able to find quotations from Drake and Waples in our opinion to that effect. But that such funds may be reached is so universally recognized that we will not take any space or time to cite additional authority.

██ A bank, after accepting a deposit and placing it to the credit of the depositor, for reasons of public policy will not be permitted to allege that the money is someone else's. This, however, may be done by an attaching or garnishing creditor, or perhaps by the true owner of the fund in some circumstances, "but the bank is estopped by its own act." *Citizens' Nat. Bank of Warren* v. *Alexander*, 120 Pa. 476, 14 Atl. 402, 404. It is said in *Ford* v. *Ames National Bank*, 196 Iowa 958, 195 N. W. 742, 743:

"The bank, upon notice of an adverse claim, could doubtless, if satisfied that the claim was made in good faith, retain a sum sufficient to meet the claim; still it must exercise diligence in notifying its cus-

tomer thereof, and in its intention to protect itself. Failure or negligence in that regard, if injury results to the depositor, will render the bank liable if the claim is unfounded. *Jaselli* v. *Riggs Nat. Bank, supra* [36 App. D. C. 159, Ann. Cas. 1912C 119, 31 L. R. A. (N. S.) 763]; *Patterson* v. *Marine Nat. Bank, supra* [130 Pa. 419, 18 Atl. 632, 17 Am. St. Rep. 778]. It has been held that the fact that the bank pays the deposit pursuant to a judgment against it as garnishee of the depositor's husband is not a defense to an action against it by the depositor; not having been a party, she may recover from the bank upon proof that the money is hers.''

In *Jaselli* v. *Riggs National Bank,* (36 App. D. C. 159), Ann. Cas. 1912C 119, 31 L. R. A. (N. S.) 763, a case wherein the bank on its own motion paid out to a claimant part of a deposit of one of its customers, the court held the bank acted at its own risk and said:

''Of course, the bank is always protected when the deposit is attached or garnished. *Citizens' Nat. Bank* v. *Alexander,* 120 Pa. 476, 14 Atl. 402. Mr. Morse [Banks & Bkg., Vol. 1, 4th Ed.] suggests (sec. 342b) that if the bank 'has reason to believe that the claim adverse to the depositor is well founded,' it should bring a bill of interpleader, and cites authorities to sustain the proposition. Mr. Zane [Banks & Bkg.] concurs in this view (sec. 134), and adds that whenever there is a dispute as to the ownership of a deposit, the bank in essaying to settle it acts at its peril.''

Whatever the procedure in other jurisdictions may be to bring before the court the bank depositor, when the funds in his name are claimed to belong to a defendant in garnishment proceedings, the method pursued here is the one provided for by section 3733, Revised Code of 1928, reading:

''The court may order additional parties brought in as additional plaintiff or defendant, and may prescribe the process, manner and terms by which such

additional parties shall be brought in. The court may determine any controversy between parties before it, when it can be done without prejudice to, or by saving, the rights of others; but when a complete determination of the controversy cannot be had without the presence of other parties, the court shall order them to be brought in."

Under this procedure, no one's rights are prejudiced or unnecessarily interfered with. The bank is protected and the debtor who is fraudulently covering up his property from his creditors is compelled to pay his debts.

Appellant claims that checks given by Katherine Lee before it was served with the writ of garnishment but paid by it subsequently should be allowed as a credit on the balance in the Katherine Lee account as it stood when it was served with process.

"A check holder is a mere bearer of an order drawn by the depositor. The making and delivery of a check does not work as an assignment of the deposit fund or any part of it, and is not binding on the bank against which it is drawn until accepted by it. The modern authorities are generally to the effect that, even though a bank refuses payment, where the deposit is sufficient to cover the amount of the face of the check, it becomes charged with no liability to the bearer of the check. The bank is in such a case responsible to the depositor only and may be sued by him for damages. In brief, a bank is responsible and accountable to its depositor, and the depositor, in turn, to the persons to whom he issues his checks." *John M. C. Marble Co.* v. *Merchants' Nat. Bank,* 15 Cal. App. 347, 115 Pac. 59, 61.

Sections 4258, 4260, Revised Code of 1928, provide that if plaintiff makes an affidavit that the defendant has not within his knowledge property in his possession, within the state, subject to execution, sufficient to satisfy his judgment and makes application, under oath, for a writ of garnishment stating

the facts authorizing the issuance of the writ, and that affiant has reason to believe that the garnishee, stating his name and residence, is indebted to the defendant, or that he has in his hands effects belonging to the defendant, the writ shall issue. Such affidavits were made in this case.

We think the notice contained in the affidavits and application for writ, to the effect that the Katherine Lee account belonged to defendant Healy, and the notice to the same effect in the writ served on the garnishee were sufficient to require the bank to impound such account pending a determination of the question as to whose money it was, and that a refusal to honor checks of the depositor on such fund on that account would not subject the bank to respond in damages to the depositor, even though it should develop on the trial that the funds were the depositor's and not defendant's as claimed by the plaintiff.

We adhere to the rule announced in our former opinion.

LOCKWOOD, C. J., and McALISTER, J., concur.