[Civil No. 3652. Filed April 27, 1936.]

[56 Pac. (2d) 1342.]

THE VALLEY BANK AND TRUST COMPANY, a Corporation, Appellant, v. EDWARD F. PARTHUM, Administrator of the Estate of Richard F. Parthum, Deceased, Appellee.

Messrs. Kibbey, Bennett, Gust, Smith & Rosenfeld, for Appellant.

Mr. L. J. Cox, for Appellee.

ROSS, J.—This is an appeal from a judgment for $190.25 in favor of the plaintiff, Richard F. Parthum, and against the garnishee, the Valley Bank and Trust Company, in a garnishment proceeding ancillary to a case in which Parthum had obtained a judgment against Frank Healy in the sum of $559.95 principal, and upon which there was due a balance of $377.86

and interest at the time the garnishment was sued out.

Pending this appeal the plaintiff-appellee died, and on motion Edward F. Parthum, the administrator of his estate, was substituted as party appellee.

The garnishee contends that neither the facts set out in plaintiff's tender of issues nor those shown by the evidence justified the entry of judgment against it. The facts, and they are not in dispute, are that on September 12, 1933, a checking account was opened with the garnishee bank in the name of "Katherine Lee," the fifteen year old daughter of defendant Healy. All deposits to the credit of such account were made by defendant and all checks drawn against it were filled out by defendant and signed "Katherine Lee" by the daughter, whose true name was Katherine Lee Healy. This was done to prevent creditors of defendant Healy from enforcing their claims against him. The garnishee bank did not know that the funds deposited in the Katherine Lee account belonged to defendant or that he was the father of Katherine Lee or that they were related in any way, financial or otherwise, until this controversy found its way into the courts.

The writ of garnishment was served on the garnishee bank on March 10, 1934, at which time there was a balance in the Katherine Lee account of $190.25. The writ required the garnishee "to answer upon oath what, if anything, it is indebted to the said defendant Frank Healy on account maintained by defendant in the name of Catherine Lee or Katherine Lee, which account was made by the defendant and is checked on by defendant, and was when this writ was served, and what effects, if any, of the said defendant or (it) has in its possession, and had when this writ was served," etc. The bank not having any

account corresponding in all of its details to that described in the writ, under the advice of its attorney continued to honor checks signed by Katherine Lee, and later the account was closed.

The question is: Should the bank have impounded the $190.25 after it was served with the writ until its liability was judicially determined. The garnishee's books and records disclosed an account in the name of Katherine Lee, and nothing more. Until the garnishee was served with the writ it could not lawfully do otherwise than honor checks by Katherine Lee as long as it had funds sufficient to her credit to cover such checks. When it received the writ, the garnishee first obtained information that possibly the money to the credit of Katherine Lee was not hers, but belonged to Frank Healy. The writ described the account as made and maintained by Healy and checked on by him. Whether the account was made and maintained by Healy could not be determined by the bank's books, but it could be determined therefrom that it was not checked on by Healy. It was because the Katherine Lee account was not checked on by Healy personally that the bank felt under no legal obligation to accept as true the statement in the writ or to make an independent inquiry or investigation into the relation the defendant Healy bore to the depositor or the deposit. If the bank's employees had known the relationship Katherine Lee sustained to defendant Healy and that the money to her credit was deposited by her father and belonged to him, there could be no question of its duty to stop paying the account out until its ownership was legally determined. The garnishee admits that if it had known the facts it would have been its duty to impound the account pending a decision as to whose it was.

■ The writ of garnishment is intended to reach the property and effects of a debtor that may be in the possession of a third party called the garnishee. Section 4261, Rev. Code 1928. There is no question but that the money in the Katherine Lee account was that of defendant. Katherine Lee, in whose name the account was kept, was a mere dummy used by her father to defraud and delay his creditors. It is hardly probable that she, only fifteen years of age, consciously participated in the fraud, and it is certain that the bank had no knowledge of the defendant's plan or scheme to defeat his creditors in the manner indicated. The money, however, was his, and he was indebted to the plaintiff. Under such circumstances, it seems under the general law and the decisions the plaintiff could reach such funds in the hands of the bank by garnishment process.

Waples on Attachment and Garnishment, at page 200, says:

"A deposit to the credit of a second person to whom the bank acknowledges an indebtedness by a certificate may be subjected to a garnishment in the hands of the bank."

Drake on Attachment (7th ed.), section 458, says:

"A fundamental doctrine of garnishment is that the plaintiff does not acquire any greater rights against the garnishee than the defendant himself possesses. When, therefore, the attachment plaintiff seeks to avail himself of the rights of the defendant against the garnishee, his recourse against the latter is limited by the extent of the garnishee's liability to the defendant. This principle is subject, however, to an exception, where the garnishee is in possession of effects of the defendant under a fraudulent transfer from the latter. There, though the defendant would have no claim against the garnishee, yet a creditor of the defendant can subject the effects in the garnishee's hands to his attachment."

And 28 Corpus Juris 264, section 361, states the rule as follows:

"Where at the time of the service of the writ the garnishee had in his possession funds or property belonging in fact to defendant, but the garnishee was ignorant of the right of defendant thereto, he cannot be held liable where in good faith he parts with such funds or property after the service of the writ, but if the garnishee has actual knowledge, or has knowledge of facts putting him upon notice, that the title to property is in defendant, although apparently in another, he cannot be excused because of failure to retain it. So if a bank summoned as garnishee had in fact knowledge or notice of facts which should have informed it that a fund deposited by a third person belonged to defendant, it will be held liable, although it paid out the money after the service of the writ on the order of the depositor." See, also, *Ferry* v. *Home Savings Bank,* 114 Mich. 321, 72 N. W. 181, 68 Am. St. Rep. 487; *Maury* v. *Toledo Logging Co.,* 163 Wash. 563, 1 Pac. (2d) 896; *Potter* v. *Whitten,* 170 Mo. App. 108, 155 S. W. 80.

The writ identified the Katherine Lee account as belonging to defendant Healy and conveyed to the garnishee knowledge of this claim. Under such circumstances, we think it was the duty of the bank to treat the Katherine Lee account as *in custodia legis* until the court decided whose account it was. Such a course, it seems to us, was not only safe and sound from the bank's standpoint, but would have effected a correct and just end. It is well said:

"If the garnishee transfers during the pendency of the garnishment proceedings any of the property or funds in his hands belonging to the principal debtor, he does so at his peril and is in nowise relieved from liability to the creditor by such conduct, even though it may have been induced by a mistaken idea as to the effect of the writ." 12 R. C. L. 850, § 93.

The judgment is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.