[No. 37470. Department Two. March 25, 1965.]

JERRY P. LOGAN et al., Appellants, v. ST. LUKE'S GENERAL HOSPITAL, Respondent.*

Joseph T. Pemberton, for appellants.

Williams, Lanza, Kastner & Gibbs and James A. Noe, for respondent.

*Reported in 400 P. (2d) 296.

PER CURIAM—This case came before the trial court on a motion of the defendant for summary judgment, which was granted. The record before the court at that time, which admittedly contained all the material facts, showed that the plaintiff, who had been admitted to the defendant hospital as a paying patient, was lying in bed on the night before her scheduled surgery. Another patient, an elderly man whose room was across the hall from the plaintiff's room, entered her room, thinking it was the bathroom. The plaintiff became frightened, switched on her signal light to summon a nurse, and when there was no immediate response, jumped out of bed and ran down the hall for help. She received no physical impact, and there was no direct possibility of an immediate physical invasion of her person or security.

The plaintiff alleged that the defendant was negligent in permitting the fellow patient to wander into her room.

The trial court correctly dismissed the action. No theory has been presented to this court which would support the plaintiff's claim for relief. The rule in this jurisdiction is that, where no malice or intent to do harm is alleged, there must be either an immediate physical invasion of the plaintiff's person or security, or a direct possibility of such an invasion, in order that recovery may be had for mental anguish or distress of mind. *Murphy v. Tacoma*, 60 Wn. (2d) 603, 374 P. (2d) 976, and cases cited therein. It could be argued that on rare occasions, as we observed in that opinion, deviations have been made from this rule, but the plaintiff has not shown that her case falls within the scope of those possible deviations.

The judgment is affirmed.