490 P.2d 832

Richard ACHESON, Appellant,

v.

Wayne D. SHAFTER, Appellee.

No. 10442.

Supreme Court of Arizona,
In Division.

Nov. 24, 1971.

Minne & Sorenson, and Cavness, DeRose & Senner by John W. Rood, Phoenix, for appellant.

Machmer & Schlosser, Ltd. by Gerald A. Machmer, Phoenix, for appellee.

UDALL, Justice.

Action for wilful and malicious conversion of a 1965 Porsche automobile. This cause was tried to a jury and verdict was returned in favor of Wayne Shafter, plaintiff below, awarding $3,888.00 .actual damages and $15,000.00 exemplary damages.

The facts surrounding the conversion are as follows: In 1966, plaintiff, because of his pending divorce, was unable to secure a loan with which to purchase an automobile. He approached his close friend Richard Acheson, defendant below, and explained his situation. On August 16, 1967, Acheson secured a personal loan with the Arizona Bank and, in turn, loaned this money to Shafter, who then agreed to make all future payments thereon. Shafter used this money to purchase a 1965 Porsche, for which he paid $3,500.00. In compliance with his agreement with Acheson, he commenced to make the monthly payments on said loan.

Personal disagreements later arose between the parties. Acheson then hired a private investigator to take possession of the automobile and during the early morning hours of November 23, 1968, the automobile was driven from behind Shafter's apartment to Acheson's farm in Prescott. This was done without any prior warning and without the knowledge and consent of Shafter. The

missing automobile was reported to the police and an investigation was conducted, whereupon it was learned that Acheson had the automobile in his possession.

Shafter made repeated demands for return of his automobile, but each time Acheson refused, claiming that Shafter still owed him money aside and different from the loan money. Shafter, nevertheless, continued to make the monthly payments to the bank and on June 19, 1969, made the final payment. Demand was again made upon Acheson and again he refused. In desperation, Shafter brought suit.

During trial, Acheson admitted converting the automobile in spite of the fact that he knew Shafter was faithfully continuing to make his payments and had, at no time, been in default thereon.

On appeal, the following questions have been presented for this Court's determination:

I.  Was there insufficient proof in the record to support the award of compensatory damages?

■ Appellant's main contention is that plaintiff's testimony, to the effect that his 1965 Porsche was worth $3,600.00 at the time it was converted, was of no probative value and should have been stricken because plaintiff had "no expertise" in appraising the value of used automobiles. With this contention we cannot agree. It is well-established that an owner may generally estimate the value of his real or personal property and this is true whether he qualifies as an expert or not. Board of Regents etc. v. Cannon, 86 Ariz. 176, 342 P.2d 207 (1959); Town & Country Chrysler Plymouth v. Porter, 11 Ariz.App. 369, 464 P.2d 815 (1970); III Wigmore, Evidence § 716 (3rd ed. 1940). Plaintiff's testimony was both relevant and competent, and was properly submitted to the jury.

II.  Were the exemplary damages awarded by the trier of fact excessive, being the result of passion and prejudice?

■ In Arizona, exemplary or punitive damages may properly be assessed against a defendant in an action for conversion. Continental National Bank v. Evans, 107 Ariz. 378, 489 P.2d 15 (1971); Nielson v. Flashberg, 101 Ariz. 335, 419 P.2d 514 (1966); Gila Water Company v. Gila Land & Cattle Company, 30 Ariz. 569, 249 P. 751 (1926). Punitive damages are allowed on grounds of public policy, Downs v. Sulpher Springs Valley Electrical Coop., 80 Ariz. 286, 297 P.2d 339 (1956), and are based on aggravated, wanton, reckless or maliciously intentional wrongdoing. Lufty v. Roper, 57 Ariz. 495, 115 P.2d 161 (1941). Such damages are not to be awarded to compensate a plaintiff for the loss sustained, but, rather, are awarded for the avowed purpose of punishing the wrongdoer for his intentional misconduct and they also act as a deterrent to further wrongdoing. Nielson v. Flashberg, supra; Restatement of the Law, Torts, § 908 Comment a.

On appeal, Acheson argues that the $15,000.00 punitive damages awarded to the plaintiff are clearly excessive and a direct result of the passion and prejudice of the jury. He contends that the jury's passion and prejudice was inflamed by "admission of evidence overemphasizing defendant's financial condition, his personal habits, and other irrelevant matters."

■ Complaint is made of plaintiff's inquiry into defendant's financial status, showing him to be a man of great wealth. Exhibit 31 shows Acheson's net worth was in excess of $300,000.00 and disclosed the existence of two trusts with a total corpus of approximately $1,000,000.00, from which Acheson receives the income. The law is well-established that where punitive damages are properly in issue, inquiry may be made into a defendant's wealth. Since the very purpose of punitive damages is to punish a wrongdoer for his wrongdoing, the wealth or financial status of the wrongdoer is relevant and may be made known to the jury so that it may impose an appropriate "punishment." Nielson v. Flashberg, supra. The degree of punishment to be imposed should be "to some extent in proportion to the means of the guilty person." Restatement of the Law, Torts, § 908 Comment e.

Acheson also contends that the jury may well have become prejudiced against him by "irrelevant evidence" introduced by plaintiff's counsel at trial. Specifically, we are referred to testimony concerning his accidental shooting of his wife; his drinking habits and his periodic confinement at Franklin Institute, a hospital for alcoholics.

■ As to the introduction of testimony regarding Acheson's accidental shooting of his wife, we note that objections thereto were not made at trial, and are being made for the first time on appeal. On numerous occasions, this Court has stated that claimed error which is not supported by a proper objection will not be considered for the first time on appeal. Rodriguez v. Williams, 107 Ariz. 458, 489 P.2d 268 (1971); State v. Williams, 107 Ariz. 262, 485 P.2d 832 (1971).

■■ Argument is also made that testimony concerning Acheson's periodic visits to Franklin Institute helped to inflame and prejudice the jury. Again, we note that objections were not made thereto. An additional, interesting circumstance is the fact that defense counsel first injected this very element into the case in his opening statement to the jury:

> "The evidence will be that at the time we are talking about Mr. Acheson had a severe drinking problem; so severe that from time to time it became necessary for him to go to the Franklin Institute." [R.T. at 16]

While testimony regarding appellant's intemperance may have been irrelevant and subject to exclusion, one may not invite error at the trial and then assign it as error on appeal. Chavez v. Pima County, 107 Ariz. 353, 488 P.2d 978 (1971); Hightower v. State of Arizona, 62 Ariz. 351, 158 P.2d 156 (1945); Bohmfalk v. Vaughan, 89 Ariz. 33, 357 P.2d 617 (1960). In passing we note that present counsel for appellant did not represent him at the trial.

As to the award of punitive damages, the record clearly shows that appellant is quite wealthy and when he converted the automobile he fully appreciated the significance of his acts but, nevertheless, refused to surrender plaintiff's automobile despite repeated demands by plaintiff. The jury apparently felt $15,000.00 was the proper sum to assess as punitive damages to punish appellant and to deter him from further wrongdoing. There was substantial evidence for the jury to find that Acheson maliciously and without justifiable cause converted plaintiff's automobile and that his actions in refusing to surrender the automobile were motivated by "spite or ill will" and were carried out with a reckless and wanton indifference to the rights of others.

■ In Arizona, the law is well-settled that the amount of an award for damages is a question peculiarly within the province of the jury and such award will not be disturbed on appeal except for the most cogent of reasons, i. e., the verdict is so exorbitant as to indicate passion, prejudice, mistake or a complete disregard of the evidence and instructions of the court. Meyer v. Ricklick, 99 Ariz. 355, 409 P.2d 280 (1965); City of Yuma v. Evans, 85 Ariz. 229, 336 P.2d 135 (1959). We have, in the past, held that punitive damages will be upheld unless the verdict is "so manifestly unfair, unreasonable and outrageous as to shock the conscience of the Court." Young Candy & Tobacco Company v. Montoya, 91 Ariz. 363, at 370, 372 P.2d 703 at 707 (1962). Having reviewed the record, we are unable to say that the verdict rendered was an exaggerated measure of damages or was based on improper motives. We find no merit to defendant's contention that the verdict was a direct result of passion or prejudice on the jury's part.

For the foregoing reasons, the judgment of the trial court is affirmed.

STRUCKMEYER, C. J., and LOCKWOOD, J., concur.