517 P.2d 1256

**The VALLEY NATIONAL BANK of Arizona, a national banking association, Appellant,**

**v.**

**Edward BROWN and Lillian R. Brown, husband and wife, Appellees.**

**No. 11249–PR.**

Supreme Court of Arizona,
In Banc.

Jan. 17, 1974.

Rehearing Denied Feb. 19, 1974.

Rawlins Ellis Burrus & Kiewit, by Robert L. Gootsfield, Phoenix, for appellant.

Pain & Julian, by Fred J. Pain, Jr., Phoenix, for appellees.

HOLOHAN, Justice.

This cause is before us on a petition for review of a decision of the Court of Appeals, Valley National Bank v. Brown, 19 Ariz.App. 493, 508 P.2d 752 (1973), which reversed a judgment by the Superior Court of Maricopa County giving judgment for $5,000 to the plaintiffs Edward and Lillian R. Brown against the defendant Valley National Bank. The decision of the Court of Appeals is vacated.

On October 16, 1964 Home Savings and Loan Association obtained a judgment against Claude V. Brown and Lillian R. Brown, husband and wife, foreclosing a realty mortgage. The foreclosure sale did not produce sufficient funds to satisfy the debt and a deficiency judgment was obtained which was assigned by the loan association to Union Guaranty Co. for collection.

An investigator employed by the attorneys for Union Guaranty reported that a Lillian R. Brown resided at an address on East Thomas and worked at Marrigay Foods Corp., 426 East Jackson, Phoenix, Arizona, and the investigator, in his oral report, maintained that the Lillian R. Brown he had discovered was the same Lillian R. Brown involved in the litigation.

Using the information from the investigator, the attorneys caused a writ of garnishment to be issued on May 21, 1968 against the 7th Avenue and Thomas Road Branch of the Valley National Bank for the accounts of the Browns. Concurrently a writ of execution was secured to be served at the address given in the investigatory report. Unfortunately, the Lillian R. Brown named in the judgment and the Lillian R. Brown residing at the address given for service of the writ of execution, who worked at Marrigay Foods, and who had an account at the 7th Avenue and Thomas Road Branch of the Bank were not the same individuals.

In preparing the information for the answer to the writ of garnishment, an experienced Bank Officer, Pauline Peters, found two accounts in the branch in the name of Lillian R. Brown. She noticed, however, one of the accounts was in the name of *Edward* and Lillian R. Brown rather than *Claude V.* and Lillian R. Brown, the judgment debtors. The officer questioned whether or not the correct account was being impounded. She relayed her fears to the creditor's attorney and attempted to clarify the possible confusion. This conversation resulted in the Bank being told to hold the funds. Being still concerned, Mrs. Peters notified the Bank's attorney of the conflict and the attorney requested that the creditor's counsel quash the writ. The request was refused, and the Bank was requested to impound the fund which it did. A total of $2,484.16 was held.

Pursuant to the writ of execution, a Maricopa County Deputy Sheriff attempted to seize an automobile belonging to the wrong Mrs. Brown. The officer felt that this person was not the right debtor, and he relayed this information to the creditor's attorney. He was told not to execute the writ, and the attorney called Mrs. Brown and apologized.

The Bank was not informed of the later events, and the day following the incident with the sheriff, the Bank advised Mrs. Brown that her funds had been impounded. Although she told the employees of the Bank that it was a mistake and asked them to call the judgment creditor's attorney, the Bank did nothing. The creditor's attorney finally notified the Bank and asked that the funds be released. The funds had been impounded for a fifteen-day period.

Plaintiffs brought suit against Valley National Bank, Union Guaranty Co., the firm of attorneys representing Union Guaranty, and the individual attorney in charge of the garnishment. The jury returned a verdict in favor of the plaintiffs and against the Bank and the individual attorney. The Bank was the only defendant to appeal from the judgment.

The recovery of plaintiffs against the Bank was based on liability in tort for the defendant's negligence in wrongfully impounding plaintiffs' account.

The Bank urges that it complied with the requirements of the garnishment statute (A.R.S. § 12–1595), and it cannot be liable for its actions. The statute in question provides:

"A. A bank deposit made in the names of two or more persons shall be subject to garnishment.

"B. The answering garnishee shall, upon service of the writ, impound all funds then present in the bank account, and shall promptly notify each person who appears from the business records of the garnishee to have an interest in such bank account in addition to the defendant that such account has been impounded, the name of the plaintiff and defendant and the court in which the action is pending as stated on the writ. The notice may be made personally or by

registered mail, postage prepaid, addressed to each such person at his last known address as reflected by the business records of the garnishee.

"C. The answer of the garnishee, in such case, shall state under oath the names of all persons who appear from the business records of the garnishee to have an interest in the bank account in addition to the defendant. Upon the filing of the answer the court shall join all persons who appear to have an interest in the bank account in addition to the defendant, as reflected by the answer of garnishee, and shall proceed to a determination of the interest of the defendant therein.

"D. Upon entry of order based upon such proceeding all impounded funds, except those of defendant, shall be released by the garnishee. The matter shall otherwise proceed as in any other garnishment action.

"E. All persons whose funds are impounded under the provisions of this section shall, together with the defendant, be considered to be joint and several obligees of the bond provided for by § 12–1572, but the liability of the sureties on such bond shall be limited to the amount of the penal sum named in the bond."

It is the contention of the Bank that it has no duty to determine the true ownership of the funds of an account, nor does it have any duty to resolve conflicting claims; the ownership and right to the deposits are matters for judicial determination. Valley Bank & Trust Co. v. Parthum, 47 Ariz. 496, 56 P.2d 1342, reh. den. 48 Ariz. 87, 59 P.2d 335 (1936).

■ As general propositions the contentions of the Bank are correct. The statute was designed for the protection of banks faced with garnishments affecting interests in joint accounts. The important point of distinction in this case is that the Bank did not follow the requirements of the statute; therefore it is not afforded the protection of the statute. The Bank did not hold the funds of the *defendant,* namely, Lillian R.

Brown, the wife of Claude V. Brown. The Bank clearly knew from the writ that the judgment debtors were "Claude V. Brown and Lillian R. Brown, *his wife,*" while the principal account garnished had a signature card naming Edward and/or Lillian R. Brown as joint tenants and defining their relationship as husband and wife. The Bank was on notice by its own records that, although the names appeared to be the same, the Browns named in the writ and the Browns named on the account records were not the same.

■ The Bank argues that it was placed in an untenable position in this case, i. e., liable if it held the funds; liable if it did not. The contention is not correct. The true answer to the writ was that the Bank was not indebted to Lillian R. Brown, the wife of Claude V. Brown. The Lillian R. Brown to whom it was indebted is the wife of Edward Brown, not Claude V. Brown. Such an answer would be correct, and the Bank would not be liable to the creditor.

■ The question remains that if the funds of the Browns should not have been held, were the actions of the Bank negligent? The case was tried on a negligence theory, and the Bank contends that it was entitled to a directed verdict. It was a question of fact whether the acts of the Bank under the evidence presented constituted negligence. With the information possessed by the Bank in its own records plus the subsequent information furnished by Mrs. Brown that the creditor's attorney acknowledged the mistake in identity, would an ordinary prudent person have acted in the same fashion? Sufficient evidence was presented at trial to raise a question as to whether the Bank met the standard.

"It is . . . fundamental that a verdict will not be directed where the evidence on material facts is conflicting, or where on undisputed facts reasonable and fairminded men may differ as to the inferences and conclusions to be drawn, or where different conclusions might reasonably be reached by different

minds, and thus the question of negligence and proximate cause is one of fact to be submitted to the jury and not a question of law for the court; if, upon all the facts and circumstances, there is a reasonable chance or likelihood of the conclusions of reasonable men differing, then the question is one for the jury. Cope v. Southern Pacific Co., 66 Ariz. 197, 185 P.2d 772; Durham v. Firestone Tire & Rubber Co. of California, 47 Ariz. 280, 55 P.2d 648. . . ." Figueroa v. Majors, 85 Ariz. 345 at 346–347, 338 P.2d 803 at 804 (1959).

The trial court was correct in submitting the matter to the jury.

■ The Bank next contends that the only damage recoverable by plaintiffs is the interest on the funds for the time they were impounded. This contention finds support in the older cases, but such cases generally dealt with actions brought on a contract theory. As a general rule damages for breach of contract are limited to those which arise naturally from the breach itself or those which may reasonably be supposed to have been within the contemplation of the parties at the time of making the contract. Jacob v. Miner, 67 Ariz. 109, 191 P.2d 734 (1948). The case at issue, however, was not based on a contract theory but one of tort, and the elements of damages can be different. 22 Am.Jur.2d Damages ¶ 80; Hall v. Motorists Insurance Corporation, 109 Ariz. 334, 509 P.2d 604 (1973).

■■ Recovery in a tort action is limited to those damages which are the direct and proximate consequence of the defendant's wrongful acts. Under the theory upon which plaintiffs sought recovery they were entitled to be compensated for all detriment suffered as a proximate result of defendant's negligence.

■ Plaintiffs urge that it is not necessary for them to show any special elements of damages because damages are presumed in this type of case. Valley National Bank v. Witter, 58 Ariz. 491, 121 P.2d 414 (1942) is cited for the foregoing proposition. *Witter* is a case involving wrongful dishonor by a bank of a check drawn against it by one of its depositors. In the cited case this Court held that a depositor's credit is impeached when a bank wrongfully refuses payment of a check presented by the creditor of the depositor, and damages are presumed from the wrongful action of the bank. The dishonor of a check is distinguishable from the wrongful withholding of funds by a bank. In the former instance there is an actual "slur" on the depositor's credit and business reputation with at least one of the depositor's creditors, that is, the bank has caused the depositor to be held out to at least one creditor as not having sufficient funds to meet his financial obligations. In the instance of withholding funds there is not necessarily any imputation on the credit of the depositor. Thus, in the former instance there is a presumption of injury to the depositor's credit, but no such presumption in the latter instance. In the case at issue it was necessary for the plaintiffs to prove the elements of their damages without the aid of any presumption.

■ On the issue of damages, the Bank concedes that evidence was presented which might support at most $1,010.00 in damages, i. e., attorney's fees and costs to secure a court order releasing the impounded funds, plus cost of a return trip from New York to Phoenix by Mr. Brown to tend to the matter, and interest on the impounded funds, but the Bank objects to the remaining $3,990.00 in damages as unproven. The rule in this State is that an award of damages is within the province of the jury and will not be disturbed on appeal except where the verdict is so exorbitant as to show passion, prejudice, mistake or complete disregard of the evidence. Acheson v. Shafter, 107 Ariz. 576, 490 P. 2d 832 (1971). The plaintiffs maintained at trial that their credit was damaged and a loss occurred in their business transactions and that there was an aggravation of an existing emotional disturbance.

In examining this evidence, we find no proof of loss in any business transactions except for the bald testimony of Mr. Brown which is barren of any specifics. Mr. Baumgartner of the First National Bank, a witness called by plaintiffs, testified that Mr. Brown's credit was in good standing with his bank during this whole period of time. There was no evidence of loss of business reputation. The plaintiffs failed to prove this item of damages.

 With but a few minor exceptions, the rule is that where no malice or intent is shown, no damages may be awarded for mental anguish or distress of mind. The exception to the rule occurs when it is shown that there is a physical invasion of a person or the person's security. Logan v. St. Luke's General Hospital, 65 Wash.2d 914, 400 P.2d 296 (1965). No such physical invasion occurred here. In Witter, *supra,* we noted "no damages can be allowed for mental pain or suffering" in actions of this nature. There could be no compensation to the plaintiffs from the Bank for mental suffering or aggravation of existing emotional disturbance.

 There was no competent evidence of any damages except for the $1,010.00 noted above. The $5,000 awarded by the jury was excessive and should be reduced to the proper figure supported by the evidence.

Finally, the Bank objects to certain instructions given by the trial court on pain and suffering as an element of damages. Although not overly clear, a reading of all the instructions shows that the trial court limited such elements of damages for consideration against the creditor's attorney if the jury found his conduct malicious, and the trial court instructed the jury in substance that there could be no recovery for mental pain or suffering by the plaintiffs from the Bank. There does not appear to have been any prejudice to the Bank in the instructions given.

The judgment of the trial court is modified by reducing the amount of damages assessed against the Bank to $1,010.00 plus costs in the trial court and interest from date of judgment. Each party will bear their own cost for this appeal.

Judgment as modified is affirmed.

HAYS, C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.

CAMERON, Vice Chief Justice (dissenting).

For the reasons stated in the opinion of the Court of Appeals, see Valley National Bank v. Brown, 19 Ariz.App. 493, 508 P.2d 752 (1973), I dissent.