617 P.2d 35

**Ralph E. DENO and Alice M. Deno, his wife, Plaintiffs and Third Party Plaintiffs–Appellees,**

v.

**TRANSAMERICA TITLE INSURANCE COMPANY, a California corporation, Defendant and Third Party Defendant– Appellant.**

**No. 1 CA–CIV 4597.**

Court of Appeals of Arizona, Division 1, Department A.

July 8, 1980.

Rehearing Denied Aug. 26, 1980.

Review Denied Sept. 16, 1980.

Boyle, Brown, Eaton & Pecharich by Wm. Lee Eaton, Prescott, for plaintiffs and third party plaintiffs–appellees.

Pavilack, Spack & Mulchay, P. C. by Michael V. Mulchay, Scottsdale, for defendant and third party defendant–appellant.

## OPINION

FROEB, Presiding Judge.

In 1974, appellees, Ralph and Alice Deno (hereafter referred to as the Denos) entered into a contract with one Gustafson by the terms of which the Denos agreed to purchase a parcel of land of approximately 2.5 acres for the sum of $6,000.00. The parties agreed to escrow the transaction through appellant, Transamerica Title Insurance Company (Transamerica) which was to furnish title insurance to the Denos in connection with the transaction.

In the course of searching the title to the property, it became apparent to Transamerica's chief title examiner that there was an overlap in legal descriptions between the subject property and the property immediately to its north. Instead of calling the matter to the attention of the vendor and vendees, the chief title examiner, upon her own initiative and without authorization or approval, attempted to change the legal description to tie the north boundary of the subject parcel to the south boundary of the land adjoining to the north, thus eliminating the overlap. The chief title examiner's actions unfortunately resulted in a preliminary title report which referred to a legal description which did not close and which also had the effect of eliminating some 80 feet along the north boundary of the property. These errors were not perceived by the attorney for Gustafson who prepared the legal documents to effectuate the transaction, nor were they perceived by Trans-

america. The transaction was accordingly closed and a deed from Gustafson to the Denos containing the misdescription referred to above was recorded. The Denos ultimately intended to build a house on the property.

The Denos eventually brought an action against Gustafson for rescission of the transaction. After the litigation had been pending for some time, the Denos filed a claim against Transamerica alleging breach of fiduciary duty and negligence in its handling of the escrow transaction. The Denos also alleged gross negligence on the part of Transamerica.

At the trial of the Denos' claim against Transamerica, the Denos testified that they lost the value of the land omitted from the description as referred to above and that it was necessary for them to spend the sum of $650.00 for a survey as a result of Transamerica's actions. Transamerica admitted negligence on its part. The Denos' counsel elicited from them testimony to the effect that they were emotionally upset as a result of Transamerica's negligent acts and breach of its fiduciary duty. The trial judge, relying in part upon *Jarchow v. Transamerica Title Insurance Co.*, 48 Cal.App.3d 917, 122 Cal.Rptr. 470 (1975), instructed the jury that the Denos could recover damages for emotional distress. The trial court also instructed the jury that it could award punitive damages. The jury returned a verdict of $18,000.00 in favor of the Denos and against Transamerica but declined to award punitive damages.

The only issue on appeal is whether the Denos were entitled to recover damages for emotional distress. Transamerica concedes that the Denos are entitled to the $650.00 they expended for a survey and to the value of the land omitted from the revised legal description.

■ Arizona recognizes a cause of action for outrageous conduct and for the intentional infliction of emotional distress. *See Patton v. First Federal Savings and Loan Association*, 118 Ariz. 473, 578 P.2d 152 (1978); *Cluff v. Farmers Insurance Ex-*

*change*, 10 Ariz.App. 560, 460 P.2d 666, 39 A.L.R.3d 731 (1969). The Denos did not allege and do not contend that the acts of Transamerica were outrageous or were intended to cause emotional distress. It is the Denos' position that, inasmuch as Transamerica's acts and omissions were committed in the course of a fiduciary relationship, damages for emotional distress are appropriate.

Our Supreme Court has placed restrictions upon recovery for emotional distress where the basis for such a recovery is negligence and emotional distress is unintended. In *Keck v. Jackson*, 122 Ariz. 114, 115, 593 P.2d 668, 669 (1979), the court quoted from the *Restatement (Second) of Torts* § 313 (1965):

> *Emotional Distress Unintended*
>
> (1) If the actor unintentionally causes emotional distress to another, he is subject to liability to the other for resulting illness or bodily harm if the actor
>
> (a) should have realized that his conduct involved an unreasonable risk of causing the distress, otherwise than by knowledge of the harm or peril of a third person, and
>
> (b) from facts known to him should have realized that the distress, if it were caused, might result in illness or bodily harm.

While indicating an inclination to adopt the rule of the *Restatement* in cases involving shock and mental anguish to one witnessing an injury to a relative, the court further stated:

> In order for there to be recovery for the tort of negligent infliction of emotional distress, the shock or mental anguish of the plaintiff must be manifested as a physical injury. Damages for emotional disturbance alone are too speculative. 122 Ariz. at 115–116, 593 P.2d at 669–670 (footnote omitted).

In another case, *Valley National Bank v. Brown*, 110 Ariz. 260, 265, 517 P.2d 1256, 1261 (1974), our Supreme Court stated:

> With but a few minor exceptions, the rule is that where no malice or intent is shown, no damages may be awarded for mental anguish or distress of mind. The exception to the rule occurs when it is shown that there is a physical invasion of a person or the person's security. *Logan v. St. Luke's General Hospital*, 65 Wash.2d 914, 400 P.2d 296 (1965). No such physical invasion occurred here. In *Witter, supra*, [*Valley National Bank v. Witter*, 58 Ariz. 491, 121 P.2d 414 (1942)] we noted: "no damages can be allowed for mental pain or suffering" in actions of this nature. There could be no compensation to the plaintiffs from the Bank for mental suffering or aggravation of existing emotional disturbance.

In the present case, the trial judge found a basis for the Denos' recovery for emotional distress in the *Jarchow* case from California earlier cited. However, *Jarchow* and other California authorities bearing upon it have been limited in *Quezada v. Hart*, 67 Cal.App.3d 754, 136 Cal.Rptr. 815 (1977), wherein it was said:

> Although the statute does not preclude damages for emotional suffering as a consequence of tortious conduct, California courts have limited emotional suffering damages to cases involving either physical impact and injury to plaintiff or intentional wrongdoing by defendant. Damages for emotional suffering are allowed when the tortfeasor's conduct, although negligent as a matter of law, contains elements of intentional malfeasance or bad faith. The more significant recent cases include *Jarchow v. Transamerica Title Insurance Co.* (1975) 48 Cal.App.3d 917, 122 Cal.Rptr. 470 . . . ; *Crisci v. Security Insurance Co.* (1967) 66 Cal.2d 425, 58 Cal.Rptr. 13, 426 P.2d 173 . . . *Gruenberg v. Aetna Insurance Co.* (1973) 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 . . . *Kendall Yacht Corp. v. United California Bank* (1975) 50 Cal.App.3d 949, 123 Cal.Rptr. 848 . . . and *Windeler v. Scheers Jewelers* (1970) 8 Cal.App.3d 844, 88 Cal.Rptr. 39 . . . see also, *Acadia, California, Ltd. v. Herbert* (1960) 54 Cal.2d 328, 5 Cal.Rptr. 686, 353 P.2d 294 . . . . Cases such as *Crisci* and *Gruenberg, supra*, however, involve bad faith and are

**530**

therefore really intentional tort cases, and although *Jarchow, supra,* declared that negligent infliction of emotional distress was actionable, the case involved a willful refusal to take action to clear title. The jury in *Jarchow* found that the cause of plaintiffs' emotional distress was "defendant's negligence and bad faith" evidenced by "Transamerica's utter failure to provide a good title or to do anything to correct its errors . . ." (48 Cal. App.3d at 932, 122 Cal.Rptr. at 480.) The court emphasized that a material portion of the wrong done plaintiffs was "Transamerica's refusals to attempt to remove these encumbrances" which refusals "were acts of bad faith which breached the policy's implied covenant of good faith and fair dealing." (48 Cal.App.3d at 941, 122 Cal.Rptr. at 487.) Thus elements of breach of covenant of good faith and of affirmative refusal to perform obligations–elements which justified recovery in *Crisci* and *Gruenberg, supra* –were likewise present in *Jarchow*. To the extent that the court in *Jarchow* purported to extend the doctrine of the foregoing cases to allow recovery for emotional suffering damages in cases involving negligence without bad faith and without physical injury, the extension was unwarranted by California law, for all prior cases contain some element of intentional or affirmative wrongdoing by defendant. 67 Cal.App.3d at 761–763, 136 Cal.Rptr. at 818–820.

We find no basis under our Supreme Court's decision in *Keck v. Jackson, Jarchow* and the other California authorities discussed in *Quezada v. Hart* for compensation for mental distress in the present case. We have heretofore noted that the Denos made no claim of outrageous conduct or intentional infliction of emotional distress. Nor was bad faith alleged in the present case and, even if it had been, we find no basis in the facts adduced at trial for liability upon that premise.

The Denos have not provided us with any authority for the proposition that merely because a relationship is characterized as fiduciary, negligence without physical impact may result in damages for emotional distress in the absence of bad faith or other intentionally tortious conduct.[1] We are not aware of any such authority and we think the position is clearly inconsistent with our Supreme Court's decision in *Keck v. Jackson, supra.*

Inasmuch as we find no basis for recovery of damages for emotional distress, the judgment of the superior court entered upon the jury's verdict must be reversed. The cause must be remanded for determination and entry of judgment for those items of damages which Transamerica concedes are proper, as previously indicated.

Reversed and remanded for proceedings consistent with this opinion.

DONOFRIO and EUBANK, JJ., concur.

---

1. *Ford v. Guarantee Abstract and Title Co., Inc.,* 220 Kan. 244, 553 P.2d 254 (1976), referred to by the Denos, involved the issue of whether punitive damages were recoverable.