680 P.2d 213

**James R. PUZ and Mary E. Puz, husband and wife, Plaintiffs/Appellees,**

v.

**Richard Joseph McDONALD, Defendant/Appellant.**

**No. 2 CA–CIV 4892.**

Court of Appeals of Arizona, Division 2.

Rehearing Granted Jan. 12, 1984.

Decided April 13, 1984.

Thomas E. Johnson and Ned Vigil by Thomas E. Johnson, Tucson, for plaintiffs/appellees.

William J. Risner by Kenneth K. Graham, Tucson, for defendant/appellant.

## OPINION

HATHAWAY, Judge.

On February 24, 1981, Richard McDonald and Michael Howard, armed and wearing bullet-proof vests, attempted to rob a pharmacy owned by appellees. Their attempt was aborted when McDonald turned away from Mrs. Puz, who was then able to grab her own gun and shoot him in the back. McDonald and Howard were apprehended by police as they attempted to flee, and were subsequently indicted on several counts of armed robbery, armed kidnapping and conspiracy to commit armed robbery. Pursuant to plea agreements, McDonald was sentenced to 7.5 years' imprisonment, and Howard was sentenced to 15 years' imprisonment.

In June 1981, appellees brought this action in tort against McDonald, his wife, and Howard, seeking compensatory and punitive damages for assault and battery. Following a trial to the court, judgment was entered against the defendants, jointly and severally, awarding appellees $61,000 compensatory damages and $200,000 punitive damages. Only Richard McDonald has appealed.

Before the trial court and on appeal, McDonald has not contested liability nor has he challenged the amount of compensatory damages which the court awarded to appellees. His sole complaint relates to the court's award of punitive damages, which he challenges on two grounds. First, appellant argues that the court erred in awarding punitive damages where criminal sanctions had already been imposed. Second, assuming that punitive damages could be awarded, he argues that the court erred in granting a judgment for such damages allegedly in excess of appellant's wealth. Finally, although not raised as a separate argument, appellant contends that since he

has been sentenced to prison, has lost his wife and has suffered permanent injury as a result of the robbery, he has suffered enough and should not be additionally subjected to a judgment for punitive damages.

■ With regard to his first point, appellant notes correctly that the purpose of punitive damages is to punish the defendant for reckless or intentional wrongdoing and not to compensate the plaintiff for his loss. *Acheson v. Shafter*, 107 Ariz. 576, 490 P.2d 832 (1971). Although appellant acknowledges that the majority of jurisdictions permit the award of punitive damages notwithstanding that the defendant has been subject to criminal punishment, see Annot., 98 A.L.R.3d 870 (1980), he challenges the validity of the distinction drawn in such cases between public and individual vindication, since the interests involved are identical—to deter the defendant as well as others from committing similar acts.

■ Appellant's argument fails on two grounds. First, although we have found no judicial precedent on point, we believe that the legislature has expressed its intent that punitive damages not be precluded by prior criminal sanctions in A.R.S. § 13-102(C), which provides:

"This title does not bar, suspend or otherwise affect any right or liability to damages, penalty, forfeiture or other remedy authorized by law to be recovered or enforced in a civil action, regardless of whether the conduct involved in the proceeding constitutes an offense defined in this title."

Second, a blanket rule prohibiting punitive damages under these circumstances would defeat the purpose of deterrence in cases where, although the defendant's conduct is clearly wilful and outrageous, and the plaintiff has suffered compensable damage, the criminal sanction is slight. We believe that the public interest in deterring wanton, reckless or wilfully injurious conduct is best served by leaving the award of punitive damages to the discretion of the trier of fact, with the existence of prior criminal

sanctions as one factor to be considered in the exercise of that discretion.

As a corollary, appellant argues that the court's award of $40,000 for the "emotional distress, outrage, and anxiety experienced by [appellees]" was, in effect, an award of punitive damages which should preclude the $200,000 judgment. This argument is without merit. It is well settled in Arizona that compensatory damages may be recovered for mental anguish and emotional distress resulting from intentional wrongdoing of the defendant. *Valley National Bank v. Brown*, 110 Ariz. 260, 517 P.2d 1256 (1974); *Deno v. Transamerica Title Ins. Co.*, 126 Ariz. 527, 617 P.2d 35 (App.1980). It is clear from the minute entry from which this language was taken that the court was merely describing the actual harm to appellees for which compensatory damages were granted.

Appellant's remaining arguments concern the propriety of the punitive damage award in light of his financial position and the detrimental consequences he has already suffered as a result of his conduct. It appears undisputed that appellant's primary asset was his interest in a house and eight acres of land, which appellant valued at various times between $300,000 and $360,000. The evidence is conflicting as to the amount and validity of various encumbrances upon the property.

The amount of a punitive damage award is a matter of discretion with the trier of fact and will not be disturbed on appeal unless it is so unreasonable under the circumstances as to show the influence of passion or prejudice. *Nienstedt v. Wetzel*, 133 Ariz. 348, 651 P.2d 876 (App.1982). While the wealth of a defendant may be considered, *Dodge City Motors, Inc. v. Rogers*, 16 Ariz.App. 24, 490 P.2d 853 (1971), it is but one of many factors. We have been cited to no authority, nor have we found any precedent, which would support appellant's contention that the sole fact that an award exceeds a defendant's present assets would be grounds for setting it aside.

The reasoning behind the court's award was as follows:

"The evidence amply demonstrates that defendants' conduct was premeditated, willful, and malicious, and that neither defendant gave any consideration to the impact upon plaintiffs of the armed robbery which they attempted to perpetrate. Each defendant was plainly motivated only to perpetuate and gratify a desire for drugs despite whatever harm might have been caused by the violent means they chose. Their awareness of the dangerous potential of their conduct is evidenced by their use of loaded guns and bulletproof vests. Each of the defendants is possessed of above average intelligence, and the criminal history of each would suggest that each should have been aware of alternate means of dealing constructively with their desire for drugs. Although the personal history and background of each of the defendants is different, and although the defendant McDonald was seriously injured in the incident while the defendant Howard was not, the Court is of the opinion that, in this instance, an award of punitive damages should be made against the defendants jointly and severally, for purposes of setting an example both for themselves and for others who may be similarly inclined."

The court's findings are fully supported by the record, and demonstrate its consideration of the relevant factors. Under the circumstances, we cannot say the award was unreasonable.

The judgment of the trial court is affirmed.

BIRDSALL, C.J., and HOWARD, J., concur.