0347

Wanda A. CADDEL, Respondent, v. Larry E. GATES, Jr., Appellant, and Earl F. CADDEL, Appellant, v. Larry E. GATES, Jr., Respondent.

(327 S. E. (2d) 351)

Court of Appeals

*G. Dana Sinkler* of *Sinkler, Gibbs & Simons,* Charleston, and *H. E. McCaskill,* Conway, *for appellant-respondent.*

*James A. Stuckey, Jr.,* Charleston, *for respondent Wanda Caddel* and *appellant Earl Caddel.*

Heard Sept. 24, 1984.

Decided Dec. 20, 1984.

GARDNER, Judge:

This is a consolidated appeal arising from a legal malpractice action and a loss of consortium action which were consolidated for trial. The trial judge directed a verdict for the defendant in the loss of consortium action. The legal malpractice action resulted in a jury verdict for the plaintiff in the amount of $26,480.09 actual damages and $80,000.00 punitive damages. We affirm in part, reverse in part and remand for a trial *de novo.*

The facts are undisputed. Wanda A. Caddel (Mrs. Caddel) bought a lot on the intercoastal waterway in Horry County and employed attorney Larry E. Gates, Jr., (Gates) to examine the public records and certify title. The title certification failed to disclose a recorded spoilage easement which allowed

the Corps of Engineers to dump dredged material on the lot; the easement also prohibited the construction of permanent structures on the lot. Mrs. Caddel started constructing a home on the lot after securing a loan commitment from a savings bank. The home was well underway when the attorney for the bank discovered the easement.

Mrs. Caddel then sued Gates, alleging, *inter alia,* a jumbled cause of action for outrage and negligence and also causes of action for (1) breach of contract, (2) breach of warranty, and (3) breach of an agreement to insure the title.

Also, Mrs. Caddel's husband, Mr. Earl F. Caddel, sued Gates for loss of consortium. He alleged that because of Gates's misconduct, Mrs. Caddel had become disabled from mental anguish.

The two cases were consolidated for trial.

Throughout the trial and over proper objection, the trial judge admitted into evidence testimony about alleged mental anguish suffered by Mrs. Caddel as a result of Gates's failure to include the easement in his title certification. This testimony was to the effect that (1) she had frequent crying spells and headaches, (2) she lost 15 pounds, (3) her hair changed from generally dark to almost completely white, (4) she and her husband had not slept together for over 3 years, (5) she was under psychiatric care and receiving medication, and (6) she had changed from a strong-willed, hard-working, aggressive and fun-loving person to a very weak, quiet, timid, crying and negative recluse, who could not perform her wifely duties. Gates, from the beginning, contended that once admitted this testimony was so prejudicial that it could not be corrected by a curative charge. Additionally after verdict, Gates moved for a new trial on the basis of this alleged error.

With this factual background, we address the dispositive issue presented by this appeal of whether the trial judge committed reversible error in allowing the repetitive testimony of alleged mental anguish.

Damages for mental anguish are recoverable by one who suffers and proves the tort of outrage; this tort has developed slowly over the past half-century. Suffice it to say that the conduct complained of must be intentional or reckless and so outrageous as to be inconsonant with and intolerable in a civilized society. *Ford v. Hutson,* 276

S. C. 157, 276 S. E. (2d) 776 (1981). We hold that a lawyer's overlooking of an easement or other title encumbrance in searching public title records, though negligent, will not be held by this court to be outrageous conduct. Though regrettable, the overlooking of an encumbrance by an attorney examining title is not antithetical to civilized society nor, we observe, is it inconsonant with the normal conduct of a lawyer who is a lady or gentleman in every respect, but human and subject to erring.

■ While Mrs. Caddel contends that she is entitled to damages for mental anguish on the thesis of outrage, which we reject, we have also considered the proposition of whether damages for mental anguish are otherwise recoverable in this type action. We adopt the almost universal rule that damages for mental anguish are not recoverable in these cases, regardless of whether they allege causes of action for tort, breach of contract, breach of warranty or agreements to insure; and we so hold. See bibliography footnoted;[1] these authorities express various reasons why damages for mental anguish are not recoverable. Eventually, when analyzed, these cases are premised upon the proposition that an attorney employed to examine title cannot reasonable be expected to foresee that an error made by him in title examination might proximately cause his client to suffer serious psychic trauma. Attorneys are not trained psychologists or psychiatrists; they cannot be expected to identify latent mental illness or the propensity of a client to lose control of his emotions. *McLaughlin v. Sullivan,* 123 N. H. 335, 461 A. (2d) 123 (1983).

■ For the reasons stated, this court holds that the trial judge erroneously admitted the testimony relating to alleged mental anguish suffered by Mrs. Caddel and that the admission of this testimony was so inflammatory and prejudicial that it was not corrected by the mild curative charge given after close of the evidence and upon pre-charge

---

[1] *Deno v. Transamerica Title Insurance Co.,* 126 Ariz. 527, 617 P. (2d) 35 (App. 1980); *Sitton v. American Title Company of Dallas,* 396 S.W. (2d) 899 (Tex. Civ. App. 1965); *McCain v. Faraone,* 369 A. (2d) 1090 (Del. Super. 1977); *See also, Perkio v. Prunier,* 121 N.H. 871, 436 A. (2d) 72 (1981); and 7A C.J.S. *Attorney & Client* 273B. The sole authority which we have found actually allowing such an award is *Jarchow v. Transamerica Title Insurance Company,* 122 Cal. Rptr. 470, 48 Cal. App. 3rd 917 (1975).

motions. For this reason the case is reversed and remanded for a trial *de novo.*

Our decision to remand for a trial *de novo* is also based upon a jury charge of the trial judge which we hold to be erroneous. Although, at the close of the evidence and upon pre-charge motion, the trial judge ruled out Mrs. Caddel's alleged cause of action for outrage and instructed the jury not to consider mental anguish as an element of damages, he then inexplicably charged that Mrs. Caddel's psychiatrist's bills might be considered by the jury as recoverable damages. In view of the inflammatory and prejudicial effect which we hold to have been created by the admission of the repetitive testimony about Mrs. Caddel's alleged mental anguish, we also hold that this erroneous instruction exacerbated an existing error. For this additional reason, the judgment below is reversed and the case remanded for a trial *de novo.* See 5A C.J.S., *Appeal and Error,* Section 1763(1)(b) and the South Carolina cases therein footnoted.

We additionally hold that the trial judge properly granted a directed verdict for attorney Gates in the loss of consortium action. This action was dependent upon Mrs. Caddel's recovery for mental anguish, a proposition herein rejected.

For the reasons given, the judgment in the case of *Earl F. Caddel v. Larry E. Gates, Jr.,* is affirmed and the case of *Wanda A. Caddel v. Larry E. Gates, Jr.,* is reversed and remanded for a trial *de novo.*

Affirmed in part, reversed in part and remanded.

CURETON and GOOLSBY, JJ., concur.