732 P.2d 197

**Raima A. WIPER, Plaintiff/Appellee,**

v.

**The DOWNTOWN DEVELOPMENT CORPORATION OF TUCSON, Arizona, a non-profit corporation, and Priscilla Robinson, Defendants/Appellants.**

**No. 2 CA–CIV 5370.**

Court of Appeals of Arizona, Division 2, Department A.

Oct. 10, 1985.

Law Offices of William J. Risner by Kenneth K. Graham, Tucson, for plaintiff/appellee.

Bury, Moeller & Humphrey by Kevin Miniat, Tucson, for defendants/appellants.

## OPINION

BIRDSALL, Presiding Judge.

The jury returned two verdicts in favor of the plaintiff/appellee, Raima A. Wiper, following a two-day trial, and against the defendant/appellant, The Downtown Development Corporation of Tucson (DDC)[1] and Priscilla Robinson. One verdict awarded compensatory damages of $7,000 against both defendants, jointly and severally. The other verdict was for punitive damages of $2,500 and was against the DDC only.

The jury was also given a form of verdict "in favor of the defendant, Priscilla Robinson, and against the plaintiff, Raima A. Wiper, on the issue of punitive damages." And it was also given a form "in favor of the plaintiff, Raima A. Wiper, and against the defendant, Priscilla Robinson, and award punitive damages in the sum of $_____." The jury did not sign or return either of these verdicts. When the verdicts were returned in open court, no one, neither the trial judge nor either counsel, made any record concerning the jury's failure to return either of the two Robinson punitive damage verdicts.

The facts show that Wiper was assaulted by Robinson at a public meeting of the DDC. Robinson was a director of the DDC. Therefore, the claim against the DDC was on the theory of respondeat superior. The assault occurred following the adjournment of the meeting. Wiper had spoken from the audience, questioning the provisions for low-cost housing in a downtown development project. Apparently

---

1. Whether the DDC is a governmental entity and perhaps not liable for punitive damages is not raised.

Robinson took issue with what was said and came up to Wiper, seized her by the face and shoved her. Another person intervened to stop the attack. Although Wiper received no serious personal injuries, she was upset and continued to be so affected at time of trial.

The issues presented on appeal are: 1) whether the punitive damage award must be set aside because no such damages were awarded against the actor, Robinson; and 2) whether the compensatory award is excessive.

We affirm.

■ The appellant contends that since the only claim against DDC was vicarious, punitive damages cannot be assessed against the "employer" where none have been assessed against the "employee." The appellee initially responds that this issue has been waived. In addition to the failure of anyone to question the jury's failure to return a punitive damage verdict for or against Robinson, the appellee also makes the following points: the forms of verdict given the jury permitted such a result; the appellant did not object; and the instructions not only did not prevent such a result but, when coupled with the verdict forms, implicitly permitted such a result. The appellant again made no objection and failed to request a limiting instruction. And the appellant made no objection when the verdicts were returned. Although the better practice would be to make a record at all these stages of the proceeding and there may be some merit to these waiver arguments, we will decide this issue upon the substantive legal issue presented.

Assuming arguendo that the jury's failure to return a punitive damage verdict in favor of the plaintiff and against the actor, Robinson, has the same effect as a verdict in favor of Robinson, see *Rosenzweig & Sons v. Jones*, 50 Ariz. 302, 72 P.2d 417 (1937), we disagree with the appellant's position. We hold that punitive damages may be awarded against an "employer" whose only liability is vicarious, even though none are assessed against the "em-

ployee" whose acts created that liability. We recognize a contrary rule with regard to compensatory damages. See *Rosenzweig*, supra; see also *Torres v. Kennecott Copper Co.*, 15 Ariz.App. 272, 488 P.2d 477 (1971); *Kennecott Copper Co. v. McDowell*, 100 Ariz. 276, 413 P.2d 749 (1966); *DeGraff v. Smith*, 62 Ariz. 261, 157 P.2d 342 (1945).

The purpose for punitive damages and the evidence which is admissible are much different than for compensatory damages. Punitive damages are permitted for the purpose of punishing the conduct which occurred or deterring similar conduct in the future. *Cassel v. Schacht*, 140 Ariz. 495, 683 P.2d 294 (1984). They are also designed to serve as a deterrent to others. *Price v. Hartford Accident and Indemnity Co.*, 108 Ariz. 485, 502 P.2d 522 (1972). Evidence of a defendant's wealth or poverty is admissible because of its relevance to the jury's determination of the amount of damages to be awarded. *Michael v. Cole*, 122 Ariz. 450, 595 P.2d 995 (1979). Evidence of other punishment given the wrongdoer, such as criminal sanctions, is admissible as a fact to be considered by the jury in determining whether to assess such damages and the amount thereof. *Puz v. McDonald*, 140 Ariz. 77, 680 P.2d 213 (App. 1984). The public interest in deterring wrongful conduct is best served by leaving the award of punitive damages to the discretion of the jury. *Puz*, supra. Whether to award punitive damages and the amount thereof is within the discretion of the jury. *Miscione v. Bishop*, 130 Ariz. 371, 636 P.2d 149 (App.1981). The trier of fact must be allowed to determine which defendants, if any, should be required to pay punitive damages. *Rubi v. Transamerica Title Insurance Co.*, 131 Ariz. 403, 641 P.2d 891 (App.1981). No party has a legal right to punitive damages unless mandated by statutory or constitutional authority and the fact finder cannot be required to make such an award. In *State v. Sanchez*, 119 Ariz. 64, 579 P.2d 568 (App.1978), our court said that the reason for allowing punitive damages against the employer is the sup-

posed deterrent effect, that *the allowance of such damages will encourage employers to exercise closer control over their servants for prevention of outrageous torts.* Finally, we recently held in *Wilson v. Whittle*, 145 Ariz. 317, 701 P.2d 575 (App.1984) that an employer, liable only under respondeat superior, can be assessed greater punitive damages than the employee.

With these principles in mind, we turn to three decisions from outside Arizona which have considered the issue presented. In *Joab, Inc. v. Thrall*, 245 So.2d 291 (Fla. 1971), the jury awarded the plaintiff compensatory damages against both an employer and an employee, and punitive damages against only the employer. As in the case at bar, the wrongful conduct was an assault and battery committed by the employee. The Florida court affirmed, holding that the punitive damage award against the employer was proper even though the actor was assessed only for compensatory damages. The court relied upon principles enunciated in the Arizona decisions; that the allowance is discretionary with and peculiarly within the province of the jury, and that the wealth of a party, or lack thereof, may be considered. The court rejected the appellant's position that the verdict constituted a determination that the acts were not malicious or wanton and therefore no punitive award was proper—an argument also advanced by the appellant here.

And in *Tietjens v. General Motors Corp.*, 418 S.W.2d 75 (Mo.1967), the supreme court of Missouri affirmed a judgment based on jury verdicts for compensatory damages against an agent and principal and punitive damages against only the principal. The case is apparently different in that the agent who committed a fraud upon the plaintiff died prior to trial. Therefore, punitive damages could not be awarded against his estate. Nevertheless, in holding that the corporate defendant could be assessed punitive damages, the opinion states:

"And numerous cases show that it is not necessary to sue the agent and principal and recover punitive damages against the agent in order to sustain an award of punitive damages against the corporate principal. [Citations omitted.] Appellants appear to argue without authority that punitive damages can be awarded against a corporate principal only where they are awarded against the agent but, contrary to this argument, the conditions necessary to an award of punitive damages are simply an award of actual damages against a party, [citation omitted] and the further finding that the actual damages were occasioned by wilful, wanton or malicious conduct."

And finally, in *Browand v. Scott Lumber Co.*, 125 Cal.App.2d 68, 269 P.2d 891 (1954), the court held, again relying upon the principles we have found in the Arizona decisions, that the jury could properly assess punitive damages against the employer and one defendant and not against other defendants in an assault and vicarious liability case.

Considering the purpose of a punitive award assessed against an employer, *State v. Sanchez*, supra, as well as differences in wealth, other punishment which might be given the employee-actor, and the broad discretion of the jury, we believe that a punitive award can be made against an employer even though no punitive damages are assessed against the employee. This is true even when the employer's liability for compensatory damages is strictly vicarious. The jury decided to punish the DDC but not Robinson. It could lawfully make that decision. It may well have decided that the DDC, having held a meeting to which the public was invited for the purpose of participation, should exercise better control over its agents. The jury may well have decided to deter such lack of control in the future. It does not matter that the DDC was not charged in a separate count for negligent supervision. The jury could still consider the need for better supervision in its decision on punitive damages. Cf. *State v. Sanchez*, supra.

■   Turning to the second issue, we are not shocked by the amount of the compen-

satory damage award, $7,000, and believe there is evidence to support the verdict amount. See *Flieger v. Reeb,* 120 Ariz. 31, 583 P.2d 1351 (App.1978). This was an intentional tort and, even though the physical injuries were slight, the mental suffering and indignities may be a more important element of the damages. See *Skousen v. Nidy,* 90 Ariz. 215, 367 P.2d 248 (1961)., The experienced trial judge denied a remittitur. He heard the testimony and saw the witnesses. We are strongly persuaded by his discretionary decision.

We deny appellee's request for attorney fees on appeal. This appeal is not frivolous.

Affirmed.

HOWARD and FERNANDEZ, JJ., concur.